OF THE

## STATE OF WASHINGTON,

AT THE

# OCTOBER TERM, 1890.

[No. 39. Decided October 23, 1890.]

MARY E. COFFER *alias* MOLLIE ROSENCRANS V. THE TERRITORY OF WASHINGTON.

### NUISANCE — HOUSE OF ILL-FAME — ABATEMENT.

The lessee of certain premises indicted for maintaining a nuisance thereon by keeping a house of ill-fame, pleaded guilty thereto, and an order was issued to the sheriff to abate the same. Before the sheriff attempted to execute the order, the lessee surrendered possession of the premises to the owner, the plaintiff in error herein. About five months after the order was issued, the sheriff placed a keeper in charge of the premises, and after keeping him there for some time at an alleged expense of five dollars per day, the sheriff made an affidavit alleging that on investigation he had discovered that the nuisance was being continued by plaintiff in error, and that he had been obliged to place a keeper in charge, and asking that an order be issued against her to show cause why an execution should not issue against her property to pay the costs and charges so incurred. The plaintiff in error demurred to said affidavit, the demurrer was overruled, and judgment given against her for said expenses. *Held*, That the keeping of a house of ill-fame on the premises by plaintiff in error was not a continuance of the nuisance for which her lessee had been indicted, and she could not be held responsible without a regular proceeding against her.

( 325 )

*Error to District Court, Pierce County.*

The facts are fully stated in the opinion.

*Struve, Haines & McMicken,* for plaintiff in error.

*W. H. Snell,* Prosecuting Attorney, for The Territory.

The opinion of the court was delivered by

ANDERS, C. J. — This case is *sui generis.* It appears from the record that some time prior to October 10, 1888, the plaintiff in error being the owner of certain premises known as Number 1130 C street, in the city of Tacoma, in Pierce county, leased the same to one Nettie Parnell, who, on said date, was indicted for maintaining a nuisance on the premises by keeping a house of ill-fame. To this indictment the defendant, Nettie Parnell, pleaded guilty, and thereafter on the 19th day of October, 1888, an order was made by the court, directed to the sheriff of Pierce county, to abate said nuisance. The plaintiff in error was not made a party to the action. Whether she resided in Tacoma or elsewhere, at the time, is not shown by the record. Soon after the issuance of said order, Nettie Parnell vacated the premises and turned the same over to her lessor; the plaintiff in error, who went into possession and continued to reside therein up to the rendition of the judgment by the court below in this proceeding. It nowhere appears in the record, that the order to the sheriff of October 19, 1888, to abate the nuisance for the maintaining of which Nettie Parnell was indicted, was ever executed by the sheriff; but it does appear that on the 4th day of March, 1889; and long after the defendant had ceased to occupy or control the premises, he placed a keeper in the house without the consent and against the will of the owner thereof, the plaintiff in error, and so continued him there until the 23d day of April following, at an alleged expense of five dollars per day. Up to this time the plaintiff in error had been charged with no violation of law, in

any manner pointed out by our statutes. On the 7th day of May, 1889, however, the said sheriff filed with the clerk of the district court, holding terms at Tacoma, an affidavit setting forth the issuing of the order of October 19, 1888, above mentioned, for the abatement of the nuisance, and alleging that, on investigation he had discovered that the nuisance was being continued by the plaintiff in error, and in consequence thereof he had been obliged to place a keeper in charge of the premises during the period above specified, at an expense of five dollars per day, and that he would be obliged, on account of the continuance of such nuisance, to retain such keeper therein, and concluding with a prayer that an order be issued to the plaintiff in error to show cause why an execution should not issue against her property to satisfy the costs and charges so incurred. Upon motion of the prosecuting attorney, based upon this affidavit, the court made and entered an order citing her to appear on the 10th of May, 1889, and show cause why an execution should not issue against her property, as prayed for in the affidavit. On that day the defendant appeared and demurred to the affidavit. Her demurrer was overruled, and exception duly taken and allowed by the court. The hearing then proceeded by the examination of witneses, after which judgment was rendered against the defendant for the sum of $514.60, being the costs and expenses of abating said nuisance, and execution ordered thereon. From this judgment defendant appeals to this court, and assigns for error the making of the order to show cause; the overruling of the demurrer to the affidavit; the entering of judgment against the defendant, and ordering execution.

The only charge attempted to be made against the defendant in the court below was that contained in the affidavit of the sheriff, and that was manifestly insufficient in law to warrant the subsequent action of the court. The evident object of the affidavit was, not to charge the plaintiff in error with the commission of an offense against the

law, but to obtain an order from the court to enable the
sheriff to collect from her the expenses of abating a nui-
sance carried on or maintained by a third party, and which,
as we have before stated, was never abated at all by him.
It is true, the house itself in which the nuisance had been
maintained by Nettie Parnell, was taken charge of by the
sheriff's deputy for a considerable length of time, and, as it
seems, at no inconsiderable expense; but that was in no
sense an execution of the order of the court.    No such
methods are sanctioned either by custom or the law.    Un-
der the circumstances of this case, this keeper had no more
right to invade or take possession of the premises of the
plaintiff in error than any other stranger.    And in so doing
he was a mere trespasser, whatever may have been her
character or reputation.

If she was guilty of contriving or maintaining a public
nuisance at the place indicated by the affidavit, or elsewhere,
a formal complaint should have been made against her, be-
fore a committing magistrate, or the grand jury, charging
her with the commission of the crime.    She could then
legally have been held to appear before the district court
to answer the accusation.    Had this been done, and had
she been indicted and convicted of the offense charged, it
would then have been properly in the discretion of the court
before whom the action was tried to issue a warrant for
the abatement of the nuisance, at the cost of the defendant.
See Code, §§ 1248–9.    Under no other circumstances would
the court be authorized to issue such an order.    Indeed,
even after conviction, the court should not in all cases issue
a warrant or order of abatement.    The judgment should
be adapted to the nature and circumstances of the case.
Where the building or structure complained of is itself a
nuisance, the court will, if necessary, order its removal or
destruction.    But where the use of the building constitutes
a nuisance whose effects are merely immoral and intangible,
such nuisance can only be abated by the administration of

such punishment as will be likely to cause the guilty party
to desist.   Wood, Nuis. (2d ed.), pp. 43–45.   Under our
statutes especially, the judgment of the court after convic-
tion would almost certainly result in the abatement of a
nuisance of a character growing out of the conduct of the
defendant.   Upon conviction, the judgment of the court
should be, in effect, that the defendant pay a fine of ———
dollars and the costs of prosecution, and (when expedient
or necessary) forthwith abate the nuisance at his own costs,
and stand committed to the custody of the sheriff until the
fine and costs be paid or secured, as provided by law.  Code,
§§ 1119, 1247–9; Wood, Nuis., p. 992–3.  And should any
defendant, ordered into custody of the sheriff, fail to pay or
secure the payment of the fine and costs adjudged against
him, before the final adjournment of the court, he may then
be imprisoned in the county jail until such fine and costs
are paid or secured, until he has been imprisoned one day
for every three dollars of such fine and costs.  Code, § 1125.

If the plaintiff in error had been indicted, tried, convicted
and sentenced, according to law, it seems hardly probable
that it would have become necessary, even if proper, to
place her under the surveillance of a deputy sheriff, or any
other person, in order to abate the nuisance complained of.
The fundamental error committed by the learned judge in
this proceeding consisted in his assuming that the conduct
of the plaintiff in error at Number 1130 C street, Tacoma,
being of like character with that of Nettie Parnell at the
same place, amounted to the continuance of the nuisance
for the maintaining of which the latter was indicted.   The
acts and conduct of Mary E. Coffer were not the acts or
conduct of Nettie Parnell, though they may have been of
like character.   Nor was the one in any manner whatever
responsible for the acts of the other.   The former may, in
fact, have been guilty of a violation of the law concerning
nuisances, but that could only be legally determined by the
verdict of a jury, a jury not having been waived, or on her

plea of guilty. The fact is, she had a hearing before the court, but no formal and legal trial. She appeared by counsel, who demurred and objected to the whole proceeding. The demurrer should have been sustained, and no judgment should have been entered against the plaintiff in error.

For the foregoing reasons, the judgment of the court below must be reversed, and the cause dismissd with costs, and it is so ordered.

HOYT, SCOTT, DUNBAR and STILES, JJ., concur.