HENRY CAUFIELD V. WILEY JONES.

Decided May 11, 1898.

**Citation—Attestation by Clerk—Default.**

Service of a citation not attested by the signature of the clerk as required by Revised Statutes, article 1447, will not support a judgment by default.

APPEAL from McLennan. Tried below before Hon. SAM R. SCOTT.

*Jones & Sleeper,* for appellant. .

*Richard I. Monroe,* for appellee.

FISHER, CHIEF JUSTICE.—This is an appeal from a judgment by default rendered against appellant. The citation which was issued by the clerk, and upon which the sheriff's return was made, was not signed and attested by the signature of the clerk. Article 1447 of the Revised Statutes provides that all process shall be dated and attested by the clerk, with the seal of the court impressed thereon. This evidently means that the clerk shall officially sign process issued by him. This is one of the essential requirements to a valid citation, in order to give it an official and authentic character. No one but the clerk is authorized to issue the citation, and his official signature, together with his seal, is regarded as the evidence of his official conduct in the premises. A citation issued by an individual who is not a clerk, and one issued without such requisites, could not be regarded in law as official process.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*