DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 6960. Decided December 3, 1907.]

FANNIE G. DEGGINGER, *Appellant*, v. J. M. MARTIN,
*Respondent*.[1]

FRAUDS, STATUTE OF—CONTRACT TO SELL LAND—ORAL AUTHORITY—
EVIDENCE. Proof of oral authority to a real estate broker to make a
binding contract of sale, within the requirements of the statute of
frauds, is sufficiently clear and convincing, within the rule which
requires such degree of proof, when liberally construed on motion
for a nonsuit, where the broker testified that the owner had listed
the property with him, and on departing for a short absence, in-
structed him "to sell quick, take the money and close the deal" be-
fore the owner's return, if he could do so.

SPECIFIC PERFORMANCE—TENDER—SUFFICIENCY. Where a broker is
authorized to make a contract of sale, a tender of the price to the
agent is sufficient, when the owner is absent from the state, to en-
title the purchaser to specific performance.

SAME—NECESSITY. Where the owner repudiates a sale made by
an agent, tender of the price is not a condition precedent to an
action for specific performance.

FRAUDS, STATUTE OF—CONTRACT—SIGNING. A broker's contract for
the sale of lands is sufficiently signed where the firm name under
which the broker did business was typewritten, and he signed his
initials below.

TRIAL—BEFORE THE COURT—ADMISSION OF EVIDENCE. Upon the
trial of a cause before a court without a jury, testimony offered
should be liberally received, to avoid the necessity of a reversal in
case of a trial *de novo* on appeal.

[1]Reported in 92 Pac. 674.

Appeal from a judgment of the superior court for King county, Yakey, J., entered May 24, 1907, upon granting a nonsuit, dismissing an action for specific performance of a contract to convey real estate. Reversed.

*Gray & Stern (Ralph Simon, of counsel), for appellant.*
*Byers & Byers, for respondent.*

CROW, J.—This action was commenced by Fanny G. Degginger, a single woman, against J. M. Martin, a widow, to enforce specific performance of a contract to convey real estate. Upon defendant's motion, the trial court granted a nonsuit and dismissed the action. The plaintiff has appealed.

The appellant alleged that one Charles E. Marvin, a real estate broker, was the respondent's agent, with authority to procure a purchaser and execute a contract of sale at a stated price and on specified terms; that on September 11, 1906, the agent, Charles E. Marvin, sold to appellant; that in pursuance of his authority, he executed and delivered to her a written contract of sale, and that the respondent has refused to convey. The contract is sufficiently definite to sustain a decree for specific performance, provided the alleged agent was authorized to execute the same. The controlling question on this appeal is whether he had such authority. There is no contention that he was so authorized in writing, but the appellant insists that he had lawful oral authority.

The trial court failed to state the grounds upon which the nonsuit was granted, but we infer from the entire record that he concluded Marvin's only power was that of the ordinary real estate broker to find a purchaser, which, under the doctrine announced in *Carstens v. McReavy*, 1 Wash. 359, 25 Pac. 471, would not authorize him to execute a contract of sale sufficient in equity to subject his principal to a decree for specific performance. While it is decided in *Carstens v. McReavy* that mere authority in an agent or broker to find a purchaser does

not imply power to execute a written contract of sale on behalf of the principal, nevertheless this court in that case said:

"The statute of frauds may be satisfied by the execution of a contract for the sale of lands by the hand of another person than the party to be charged, if that person be thereunto lawfully authorized, and it is well settled that such third person may be thus lawfully authorized, orally, by written direction not under seal, and, even, by a course of conduct amounting to an estoppel."

This same doctrine has since been announced in *Horr v. Hollis*, 20 Wash. 424, 55 Pac. 565; *Monfort v. McDonough*, 20 Wash. 710, 54 Pac. 1121, and *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361.

Although we have thus held that, under the statute of frauds, an enforcible contract for the sale of real estate may be signed either by the party to be charged or by some other person by him thereunto duly authorized, and that the authority of such other person may be in parol, we are of the opinion that such oral authority should in all cases be sustained by clear and convincing proof, and the manifest preponderance of the evidence, especially where the alleged authority is denied by the vendor or party to be charged. A less strict requirement might tend to promote the particular frauds which the statute was intended to prevent. The evidence of oral authority in this case was the testimony of the alleged agent Marvin, who stated that he represented the respondent in the purchase of the property; that she had bought it upon his advice, as an investment, and because he had in writing guaranteed her that he would sell it within a limited period at a profit of $500 per lot; that he had possession of respondent's abstracts and title papers which she had left him; that she listed the property with him for sale; that she was about to leave the state of Washington when he told her he had a customer who had looked at the lots and to whom he thought he could sell at the desired profit; that she told him she might be gone some two weeks, but directed him "to sell quick, take the money and close

the deal" if he could do so during her absence; that she would leave her address and forward the papers; that within a few days after her departure, he did find a purchaser in the person of the appellant, at a price securing the profit named; that in pursuance of such oral authority, he took a substantial cash deposit, made the sale. and closed the deal by executing the written contract.

It would seem that an agent in the absence of his principal could not make a quick sale, receive the purchase money, and close a deal, if not authorized to make a valid contract. On an application for a nonsuit, the evidence should be weighed and considered most favorably to the party on whose behalf it has been offered. Applying this test to the evidence before us, we hold that the trial court erred in granting the nonsuit and in dismissing the action.

The respondent contends that no sufficient tender of performance by the appellant has been shown. At the time the appellant was required to pay the purchase money and was entitled to demand a deed, the respondent was absent from the state of Washington. The appellant made the tender and demanded the deed at the office of the agent Marvin.  A party is not required to go beyond the limits of the state to make a tender. If the agent Marvin was authorized to execute the written contract, a tender to him was sufficient. If he was not so authorized, no tender whatever would have been of any avail to the appellant. In any event, the respondent at all times refused to recognize or ratify the contract, and is therefore in no position to complain of the want of a tender which she would have refused.

The respondent further contends that the contract was not signed by the agent Marvin, as the firm name under which he did business was typewritten and followed by his written initials. The evidence shows that the written initials were made by the agent, and that the contract was sufficiently executed by him if authorized.

The appellant has contended that the trial court erred in refusing to admit certain evidence offered by her. We find no prejudicial error in this regard, but in view of a new trial, we will suggest that, while the court in an action tried without a jury should reject all evidence clearly incompetent and immaterial, to avoid encumbering the record, yet a liberal practice should be adopted in admitting evidence so that this court, in the event of an appeal, will on a trial *de novo* have all material facts before it for consideration, and thus avoid the necessity of the cause being remanded for the admission of material evidence erroneously rejected.

For error in granting a nonsuit, the judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., MOUNT, DUNBAR, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.