[No. 7112. Decided March 4, 1908.]

## C. T. SYLLIAASEN et al., Appellants, v. C. J. HANSON, Respondent.[1]

BROKERS — SALE OF LANDS — AUTHORITY — FRAUDS, STATUTE OF. Where the owners listed certain real estate with brokers, giving them the exclusive handling of the property for thirty days by a memorandum and conversation specifying the conditions on which they might sell the property or find a purchaser, whereby the owner agreed to notify the brokers at once in writing if the property was withdrawn from the market or sold, evidence is not admissible to show a usage and custom among brokers whereby the transaction was treated as authority to make a binding contract of sale, or to show that the owner had stated to a third person that the brokers had exclusive authority to sell for thirty days; since the memorandum did not purport to be a contract, nor give the brokers any right to enter into a contract of sale, and there was no clear and convincing proof of oral authority to make such a contract.

[1]Reported in 94 Pac. 187.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 8, 1907, in favor of the defendant, dismissing an action for specific performance. Affirmed.

*S. S. Langland*, for appellants.

*C. E. Piper*, for respondent.

Root, J.—Plaintiffs instituted this action to compel specific performance by defendant of an alleged contract to sell certain real estate. From a judgment of dismissal plaintiffs appeal.

On June 1, 1906, F. M. Jordan & Co., real estate brokers, approached respondent with a proposition to list the property in question for sale with said firm. Respondent said he wished to sell the property, and agreed to comply with the request of said agents to let them have the exclusive handling of the same for a period of thirty days. A memorandum in writing was then filled out, containing various data as to the condition and description of the property and as to the terms upon which the brokers might sell the same or secure a purchaser therefor. There was no language in this memorandum directing or authorizing the brokers to sell the same or to secure a purchaser, and nothing was said therein about the brokers having any right to enter into a contract of sale or conveyance. The memorandum did not purport to be an agreement or contract. Below the data mentioned was the following:

"If property be sold or taken off the market, I agree to give notice in writing to F. M. Jordan."

This was signed by respondent. On the 30th of June, Jordan & Co. secured a purchaser in the person of appellant C. T. Sylliaasen, who upon that date made a deposit of $250 with Jordan & Co., and was ready and willing to pay the remainder of the sum for which respondent had agreed to sell

the property. The brokers, as agents, signed a receipt for this deposit, which receipt set forth the terms of the sale the same as specified in the memorandum heretofore mentioned, and notified respondent of this transaction with Sylliaasen, whereupon respondent refused to sell and convey the property. Appellant promptly tendered the full amount of the purchase money, but respondent refused to receive the same or to do anything toward carrying out the agreement which Jordan & Co. had made with appellant. Thereupon this action was brought to compel a conveyance.

Upon the trial, the court having intimated that the memorandum and the evidence as to the conversation between respondent and the brokers merely authorized the latter to secure a purchaser but did not authorize them to bind the respondent by any agreement for the sale and conveyance of the property, appellants offered evidence to prove the custom and usage of real estate brokers having instructions and memoranda such as the brokers had in this case. The trial court refused to admit such evidence, upon the ground that the memorandum and the conversation of respondent, as a matter of law, were incapable of being authority for binding the respondent to any agreement for the sale and conveyance of the property, and upon the further ground that there was no evidence that the respondent knew of any usage or custom on the part of real estate dealers that would tend to modify the legal effect of such conversation or memorandum. This ruling is assigned as error. Appellants also sought to show that during the thirty-day period during which Jordan & Co. held this memorandum and had the exclusive right of securing a purchaser for the property or making a sale thereof, one Lee went to see respondent about purchasing this property for appellants and was told by the respondent that Jordan & Co. had been given the exclusive right for thirty days to sell the same. The exclusion of this evidence is also assigned as error.

Under the facts as presented here, we do not think the ex-

clusion of the evidence offered, in either instance mentioned, constituted error. We do not think that such evidence, if admitted, could have changed the legal effect of the authority given by respondent to Jordan & Co. as evidenced by the memorandum and respondent's conversation with the brokers when he authorized them to list the property. Neither do we think that this conversation and memorandum constituted authority for Jordan & Co. to bind respondent by any agreement for the sale and conveyance of the property. Ever since the case of *Carstens v. McReavy*, 1 Wash. 329, 25 Pac. 471, it has been the recognized law in this state that the ordinary power of a real estate broker to find a purchaser for real estate did not authorize him to execute a contract of sale or conveyance that could be enforced by an action for specific performance. It was held in the case of *Degginger v. Martin*, *ante* p. 1, 92 Pac. 674, that an owner might by parol authorize such a broker or agent to make a contract that would be binding and that could be so enforced. But in that case it was also said:

"Although we have thus held that, under the statute of frauds, an enforcible contract for the sale of real estate may be signed either by the party to be charged or by some other person by him thereunto duly authorized, and that the authority of such other person may be in parol, we are of the opinion that such oral authority should in all cases be sustained by clear and convincing proof, and the manifest preponderance of the evidence, especially where the alleged authority is denied by the vendor or party to be charged. A less strict requirement might tend to promote the particular frauds which the statute was intended to prevent."

In that case the owner had told her agent "to sell quick, take the money and close the deal." Nothing of this kind is shown to have occurred in this case, and certainly there is no "clear and convincing proof" and no "manifest preponderance of the evidence" establishing any intention on the part of the respondent to authorize the brokers to enter into a con-

tract binding respondent to sell and convey the property. See *Armstrong v. Oakley*, 23 Wash. 122, 62 Pac. 499; *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361.

The judgment of the superior court is affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, and CROW, JJ., concur.