### McCAULLEY v. WESTERN NAT. BANK. (No. 8079.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 16, 1915.)

1. JUDGMENT ⊗⇒17—BY DEFAULT—CITATION —OMISSION AND MISNOMER OF PARTIES.

Where a citation did not state the name of plaintiff correctly and did not state the names of defendants at all as defendants, it was too defective to support a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ⊗⇒17.]

2. JUDGMENT ⊗⇒145 — BY DEFAULT — DIRECT ATTACK—MERITORIOUS DEFENSE.

On writ of error to a default judgment, as being based on a defective citation, defendants need not allege the nature of their defense to the action; the rule of meritorious defense being confined to collateral attacks.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. ⊗⇒145.]

3. PROCESS ⊗⇒31—DESIGNATION OF PARTIES— DEFECTS IN WRIT—CURE.

The failure to give the names of defendants in the style of the suit in a citation will be cured, if they are correctly named in the latter part of the writ.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 25; Dec. Dig. ⊗⇒31.]

4. JUDGMENT ⊗⇒17—JUDGMENT BY DEFAULT —LATE SERVICE OF WRIT—AIDER BY TRANSFER OF CAUSE.

Where a citation issued January 19th, returnable to the Forty-Eighth district court on February 2d, service on the first of several defendants had on January 24th, less than 10 days before the February term of the court, was insufficient; the statute requiring that 10 days exclusive of such days elapse between service and return days, nor was such defective service aided by transfer of the cause on February 5th to the Sixty-Seventh district court, since defendant could not be required to answer under penalty of a default judgment prior to the first day of the May term of the Forty-Eighth district court; Rev. St. 1911, art. 30, subd. 17, providing that T. county shall constitute the Seventeenth, Forty-Eighth, and Sixty-Seventh judicial districts, and that the judges in discretion may transfer causes, not having any effect to deprive defendants of their statutory period in which to answer plaintiff's cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ⊗⇒17.]

5. JUDGMENT ⊗⇒17 — BY DEFAULT — SERVICE OF PROCESS IN ANOTHER STATE ON ONE ALLEGED TO BE A RESIDENT.

Where a petition alleged that one defendant was a resident, nothing appearing in the record to disprove the assertion, and default judgment was entered against him after service on him in Missouri, the nonresident notice is good; service had in another state upon a resident of this state supporting a personal judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ⊗⇒17.]

6. APPEAL AND ERROR ⊗⇒914—JUDGMENT BY DEFAULT—PRESUMPTION AS TO VALIDITY.

The usual presumption in favor of a judgment will not be indulged on direct attack by appeal, where the judgment was entered by default; it being necessary that every material fact to give the court jurisdiction be apparent from the record, including service of process at the requisite period before the term at which the default was entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3693–3698; Dec. Dig. ⊗⇒ 914.]

Error from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by the Western National Bank of Ft. Worth, Texas, against R. L. McCaulley and others. Judgment for plaintiff by default for $1,553.10, and defendant brings error. Reversed and remanded.

---

H. R. Bondies, of Sweetwater, for plaintiff in error. A. B. Curtis, of Ft. Worth, for defendant in error.

BUCK, J. The Western National Bank of Ft. Worth, Tex., brought suit on September 29, 1913, in the Forty-Eighth district court of Tarrant county, Tex., against R. L. McCaulley, W. T. Trammell, E. Q. Daniel, and J. T. Haley, on a promissory note. Citation issued to Nolan county, Tex., on September 30, 1913. This citation named the plaintiff in the suit as the "Western National Bank," omitting "of Ft. Worth, Tex.," and omitting the names of the defendants, and the signature of the district clerk being typewritten and the space left blank, so that the typewritten signature of the clerk was the only signature subscribed to said citation. Thereafter, on January 19, 1914, an alias citation issued again to Nolan county, Tex., addressed to R. L. McCaulley, W. T. Trammell, and E. Q. Daniel. By its terms the parties defendant were commanded "to appear before the district court of Tarrant county, Tex., Forty-Eighth district, at the next regular term thereof to be held at the courthouse in the city of Ft. Worth on the first Monday in February, A. D. 1914, the same being the 2d day of said month." The officer's return on this writ indicates service had upon E. Q. Daniel January 24, 1914, upon R. L. McCaulley January 26, 1914, and upon W. T. Trammell January 28, 1914. The defendant J. T. Haley was served at Harris in Sullivan county, Mo., with nonresident notice on January 27, 1914; said notice being issued December 31, 1913. On February 5th, the cause was transferred by the judge of the Forty-Eighth judicial district of Tarrant county, Tex., to the Sixty-Seventh judicial district court, Tarrant county, Tex., and on March 3, 1914, in the latter court a judgment by default was rendered in favor of the Western National Bank of Ft. Worth, Tex., against the four defendants named, jointly and severally, for $1,553.10, principal, interest, and attorney's fees, from which judgment defendants appealed by writ of error; the petition and bond in error being filed in said court April 8, 1914.

[1] In their first assignment of error the plaintiffs in error complain that the first citation issued September 30, 1913, was fatally defective, in that it did not state the name of the plaintiff correctly and did not state the names of the defendants at all; and in their second assignment they allege error because said citation did not state the names of the defendants; and in their third assignment they allege error because said citation did not state the correct name of the plaintiff. We believe these assignments are well taken and should be sustained. Article 1852, Revised Statutes, 1911; Heath v. Fraley, 50 Tex. 211; Higgins v. Shepard, 48 Tex. Civ. App. 365, 107 S. W. 79; Delaware Western Construction Co. v. F. & M. Nat. Bank of Gilmer, 33 Tex. Civ. App. 658, 77 S. W. 628; So. Pac. Co. v. Block Bros., 84 Tex. 21, 19 S. W. 300; So. Pac. Co. v. Burns, 23 S. W. 288; Bickford v. Refugio Land & Irri. Co., 143 S. W. 1189.

In Delaware Co. v. F. & M. Nat. Bank, supra, the following language is used:

"The first question presented is: Will a citation which does not comply with the statute, in that it does not state the names of the parties to the suit, support a judgment by default? It has been repeatedly held that such a citation is fatally defective, and will not authorize a judgment by default"—citing a number of cases.

In the So. Pac. Company Cases, supra, it was held that, where the petition named the defendant as the "So. Pac. Railway Company," and the citation was addressed to the company as so named, such citation did not state the name of the "So. Pac. Company"; "the So. Pacific Railway Company and the So. Pacific Company cannot be regarded as identical; the names indicate different and distinct entities."

While in these cases the rule applied with respect to the defendant, we see no reason why the same rule is not applicable in the case of the plaintiff; the statute requiring that the names of the parties, both plaintiff and defendant, be set forth in the writ. If the corporate name of the plaintiff was the "Western National Bank of Ft. Worth, Tex.," the phrase "of Ft. Worth, Tex.," is a part of the corporate name and necessary to inform the defendants as to who the plaintiff is, and we do not believe that the designation of the name of the plaintiff as contained in the citation will support a judgment in favor of the "Western National Bank of Ft. Worth, Tex."

"Citations are materially defective and wholly insufficient to authorize a judgment by default, unless they contain the names of each and every defendant in the cause." Portwood v. Wilburn, 33 Tex. 713.

"If the citation is defective in that regard, and a judgment by default be rendered without any amendments of the writ, the defendant may avail himself of the invalidity of such service on him on error in the Supreme Court." Norvell v. Garthwaite, 25 Tex. 584.

"And it is necessary that a summons should recite the names of all the defendants to an action, even though a copy of the petition be served, which petition named all the defendants." Battle v. Eddy, 31 Tex. 368.

[2, 3] Defendant in error urges that, although the citation of September 30, 1913, was defective, the defendants seeking to reopen the judgment based thereon must allege some defense and the nature of his defense to the cause of action, citing Kitchen v. Crawford, 13 Tex. 516; Snow v. Hawpe, 22 Tex. 168; Schleicher v. Markward, 61 Tex. 103; and other cases. In all of these cases the question of the sufficiency of the service arose under a collateral attack on the judgment, and the rule of "meritorious defense" applied; but this is a case of direct attack, and we do not believe that the cases cited are in point. The failure of the citation to give the name

of the defendants in giving the style of the suit would be cured if the names of the defendants had been given correctly in the latter part of the writ. Guinan v. City of Waco, 22 Tex. Civ. App. 445, 54 S. W. 611. But in the case before us, the names of the defendants are given nowhere in the writ as defendants. After a careful examination of a large number of authorities, we are convinced that the first citation was fatally defective and would not support the judgment rendered, and therefore we sustain the first, second, and third assignments of error.

The fourth assignment complains that the citation was not signed by the clerk of the court, or his deputy, and will not therefore support a judgment by default. This presents the question whether or not a typewritten signature of the clerk is a compliance with article 2180, Vernon's Sayles' Tex. Civ. Stat., which provides that all writs and process "shall be dated and attested by the clerk with the seal of the court impressed thereon." In support of this assignment plaintiffs in error cite, in addition to the article of the statute mentioned, the cases of Wimbish v. Wofford, 33 Tex. 110; Caufield v. Jones, 18 Tex. Civ. App. 721, 45 S. W. 741. In the case of Wimbish v. Wofford, supra, the writ was signed by the deputy clerk as his own act, and not as the act of his principal, the clerk, and the court held that this was insufficient, stating:

"If the principal clerk does the act, it must be so done. A deputy only has authority to to do what the principal may do, and is not warranted in doing the act in any other way than as it might be done by the principal. He had authority to sign the name of the principal, verifying it as the act of the deputy by superadding his own name. By reason of this defect in the citations, the court had not legally acquired jurisdiction over the persons of the defendants, and the judgment in law was a nullity."

In the case of Caufield v. Jones, supra, the court uses this language:

"The citation which was issued by the clerk, and upon which the sheriff's return was made, was not signed and attested by the signature of the clerk: Article 1447, Revised Statutes 1895, provides that all process shall be dated and attested by the clerk, with the seal of the court impressed thereon. This evidently means that the clerk shall sign officially process issued by him. This is one of the essential requirements to a valid citation, in order to give it an official and authentic character. No one but the clerk is authorized to issue the citation, and his official signature, together with his seal, is regarded as the evidence of his official conduct in the premises. A citation issued by an individual who is not a clerk, and one issued without such requisites, could not be regarded in law as official process."

If the determination of the question raised in this assignment was material to the disposition of the case—that is, whether the typewritten signature of the clerk to the citation is sufficient to support a judgment—we would be loathe to determine the matter without a more thorough examination of the authorities than we have made. In the case

of Bridges & Son v. Bank, 47 Tex. Civ. App. 454, 105 S. W. 1018, the court held that in an attachment suit by a corporation the typewritten signature of the corporation to the attachment bond was sufficient without showing what officer, if any, signed the same. In the case of Degginger v. Martin, 48 Wash. 1, 92 Pac. 674, the court seems to uphold the sufficiency of such typewritten signature. But we are keenly aware of the confusion, uncertainty, and opportunity for fraud that might arise in courts and in business circles if such a holding should obtain. But, so far as this question has been passed on by the courts of Texas and other jurisdictions, there seems to be a tendency to hold such signature sufficient. Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 Am. St. Rep. 841; Mezchen v. More, 54 Wis. 214, 11 N. W. 534; Ligar v. So. Ry. Co., 76 Cal. 610, 18 Pac. 778; L. & N. Ry. v. Banks (Ky.) 33 S. W. 627. In view of these holdings, we would be constrained, perhaps, to overrule this assignment, if such action was necessary to a disposition of this case; but, inasmuch as other assignments will control, we will leave the subject as discussed, without adding our distinct approval of the practice.

[4] For the purpose of this opinion, we will next take up the eighth assignment, which is as follows:

"A citation not served 10 days before the return day thereof, but prior to such return day, can only compel the defendant to appear at the next succeeding term of court to which the same is returnable, and judgment by default based thereon, in that, or in any other court, prior to such succeeding term is error."

The citation issued January 19, 1914, was returnable to the Forty-Eighth district court on the 2d day of February, 1914, and less than 10 days elapsed between the service had on Daniel, to wit, January 24, 1914, he being the first of the defendants served, before the first day of the February term, and such service was insufficient to support judgment at the February term of the Forty-Eighth district court. The statute requires 10 days exclusive of the day of service and return day. Therefore it is evident that the service was not complete as to the February term of the Forty-Eighth district court, and we do not believe that by the transfer of the cause to the Sixty-Seventh district court on February 5, 1914, any aid to such service would obtain, but that defendants would not be required to answer, or subject themselves to a judgment by default, prior to the first day of the May term of the Forty-Eighth district court. Article 30, subd. 17, tit. 5, of the Revised Civil Statutes 1911, provides that Tarrant county shall constitute the Seventeenth, Forty-Eighth and Sixty-Seventh judicial districts, and that "the judges of said courts may, in their discretion, transfer any suit or case, civil or criminal, from one of said courts to any other of said courts." Therefore the Forty-Eighth district court was authorized to transfer said

cause to the Sixty-Seventh district court, but such order of transfer did not in any wise abridge the rights of defendants to have until the first Monday in May to answer plaintiff's cause of action. Therefore we hold that the eighth assignment must be sustained.

Finding no merit in the fifth, sixth, and ninth assignments of error, they are hereby overruled.

[5] The tenth assignment complains of the judgment as to the defendant J. T. Haley, it being claimed that he was a nonresident of the state of Texas at the time of service. But the petition alleged that he was a resident of Nolan county, Tex., and there is nothing in the record to disclose that such allegation is not true. Service had in another state upon a resident of this state will support a personal judgment. Martin v. Burns, 80 Tex. 677, 16 S. W. 1072. This assignment is overruled.

[6] While every intendment should be presumed in support of the judgment of the trial court ordinarily, yet such presumption will not obtain in a case of judgment by default.

"In order to establish the validity of a judgment by default, as in a case of any other judgment, it is essential the court should have acquired jurisdiction of the person of the defendant. A judgment entered by default against a party who has not been served with process and who has not appeared in the action is irregular and void, and due and proper service must appear upon the record before the court is authorized to render judgment by default." Black on Judgments, vol. 1, § 83.

"The rendition of judgment at a term before that fixed by statute is considered, not as a mere formal defect which may be remedied by an amendment in the court below, but as a radical error. Thus, the entry of final judgment at the same term with a default, when the statute provides that the former shall be entered the next term after the default, is an irregularity, although in this instance it appears that the error may be corrected on motion at a subsequent term." Id., § 181.

"On appeal from a judgment by default nothing will be presumed in its favor; the record must show affirmatively the existence of every material fact to give the court jurisdiction, and that all the proceedings were in accordance with law. It is a well-settled rule of practice that, where a judgment is taken by default against a defendant in an action, the record must affirmatively show that process had been duly served the required length of time before the default was taken." Id., § 93.

On an indirect attack, it might be reasonably contended that the recitation of the judgment, to wit, that "the defendants though duly cited to appear and answer herein, came not, but wholly made default," was sufficient to justify this court in presuming that some other service than that set forth in the record had been had on the defendants and sufficient to support the judgment. But on direct attack by appeal, as here, no presumptions will be entertained in support of a judgment by default, except as supported and affirmatively shown by the rec-ord. Therefore the correctness of the recitation of the judgment before quoted must rest upon the sufficiency vel non of the process shown in the record.

Because of the errors mentioned, the judgment of the trial court is reversed, and the cause remanded.