**NATIONAL PETROLEUM & REFINING CO. et al. v. James L. TYLER et al.** (No. 1677.) (Court of Civil Appeals of Texas. El Paso. March 19, 1925.) Appeal from District Court, El Paso County; Ballard Coldwell, Judge. W. O. Dailey and K. C. Barkley, both of Houston, and J. E. Quaid, of El Paso, for appellants. Harper & Howard, of El Paso, for appellees.

PELPHREY, C. J. This is an appeal from an order of the Sixty-Fifth district court of El Paso county, Tex., overruling the pleas of privilege of appellants, National Petroleum & Refining Company and R. R. Fish, to be sued in Wichita county, Tex. Appellees having agreed, this cause is hereby reversed and is remanded to the Sixty-Fifth district court of El Paso county, Tex., with instructions to transfer it to the district court of Wichita county, Tex.

―――

**3**

**R. E. SWEENEY v. Richard W. FISCHER.** (No. 1715.) (Court of Civil Appeals of Texas. El Paso. March 19, 1925.) Error from Eastland County Court at Law; J. H. Jones, Judge. Wasaff & Lyman, of Ranger, for plaintiff in error. L. H. Flewellen, of Ranger, for defendant in error.

WALTHALL, J. Richard W. Fischer, defendant in error, on the 27th of August, 1923, sued Ira Nourse and plaintiff in error, R. E. Sweeney, a copartnership, on a debt in the sum of $250, and on September 20, 1923, recovered a judgment by default against defendant in error in the sum of $100 and interest thereon at the rate of 6 per cent. per annum from November 1, 1922, and all costs of suit, from which judgment this appeal is prosecuted. The following facts are made to appear from the record: The petition in the suit of Fischer against Nourse & Sweeney, a copartnership, was filed on the 27th day of August, 1923, and on the same day citation was issued and made returnable to the following September term of the court which convened on September 10th. Service of citation was had on Sweeney on September 5th, and judgment by default was rendered against him, individually, on September 20, 1923. On the 14th day of January, 1924, Fischer sued out a writ of garnishment in said suit based on said judgment. On the 26th day of February, 1924, plaintiff in error filed his petition for a writ of error, in said suit, and alleges that the judgment obtained by Fischer against him on the 5th day of September, 1923, is void for want of service to the September term of the court. Article 1867, Vernon's Sayles' Tex. Civ. Statutes, provides that, in order to compel the defendant to plead to the return term of the court, the citation must be served at least ten days before the first day of such return term, exclusive of the days of service and return. Here only three days intervened, exclusive of the days of service and return. Jackson v. Dowdy (Tex. Civ. App.) 29 S. W. 693; McCaulley v. Western Nat. Bank (Tex. Civ. App.) 173 S. W. 1000. The case is reversed and remanded.