A. F. KEEBLE vs. NATHANIEL BAILEY — Appeal from Walker
County.

Filing a note with a justice of the peace, for collection, is not the commence-
ment of a suit, and will not, therefore, stop the running of the statute of
limitations.   [14 Tex. 6.]

The summons being the leading process, the suit is not commenced until it is
issued.

Case stated in the opinion of the court.

YOAKUM for appellant.

WILEY & MAXCEY for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This suit was originally brought before a justice of the peace
on a note or due bill in the following words, viz.: " Yazoo City,
October 12, 1843.   Due Holmes, Belford & Co., ninety-eight
dollars and sixty-five cents.    (Signed)     A. F. KEEBLE."

The summons issued on the 24th day of March, 1848.   The
defendant appeared, and pleaded the statute of limitation.   The
justice of the peace overruled the plea, and stated " that it was,
from the fact of the note in this case having been filed for col-
lection on the 11th day of October, 1847, about one and a half
o'clock A. M.; and as a plea filed is tantamount to an appear-
ance, I give final judgment for plaintiff vs. defendant, for ninety-
eight dollars and sixty-five cents debt, with thirty-six dollars

and twenty-three cents interest thereon, together with all costs accrued; for which execution may issue. Witness my hand, this 15th day of April, 1848.

(Signed) "M. C. ROGERS, J. P."

From this judgment, the defendant appealed to the district court. On the trial in that court, it appears from the statement of facts that there was no evidence but the due bill or note sued on, and the following judgment was rendered: "It is considered by the court, that the statute of limitations is not a bar in this cause, and that the plaintiff recover of the defendant the sum," etc.

The opinion of the court was doubtless founded on the supposition that filing the note with the justice of the peace was the commencement of the suit; and as the statute had not interposed a bar at that time, that it was then arrested. In this, we are of the opinion the court below erred. We cannot consider the suit as commenced until the summons issued — that being the leading process, and initiative in suits brought in the courts of a justice of the peace. The time when the note was given to the justice to commence a suit cannot be a matter of any consequence only between him and the party who had given him the note to sue on, on a charge of neglect of duty.

The judgment must be reversed.