JACOB PRICE v. E. LUTER.

The delivery of a note to a Justice of the Peace with orders to issue process, is not the commencement of a suit, and does not stop the running of the statute of limitations.

Appeal from Goliad. The proceedings before the Justice were not copied into the transcript; and it did not appear when the suit was instituted, except by a bill of exceptions, which was as follows :

"Plaintiff gave the note in evidence, which was dated January "1st, 1850, payable one day after date, and endorsed ' came into "my hands for suit 28th of November, 1853, A. H. Briscoe, "Mayor of Goliad and J. P. G. C.' The Plaintiff then intro- "duced A. H. Briscoe who testified that in the year 1853, he "was an acting Justice of the Peace in said County of Goliad, "and that on the 28th day of November in said year, the plain- "tiff handed to him the note with instructions to institute suit "upon it forthwith, but that in consequence of there being no "constable or sheriff in the county he did not issue it, nor was it "issued for the reason above stated, until the 9th day of Febru- "ry, 1854; to the introduction of which evidence for the pur- "pose of removing the bar of the statute of limitations, the de- "fendant by his counsel objected ; but the Court overruled the "objection, and the evidence was admitted ; and the Court in- "structed the jury that the filing of the note with the Justice "for suit, was the commencement of proceedings on his part "against the defendant, and suspended the operation of the "statute, to all of which," &c. The petition for a *certiorari* described the judgment as rendered by J. M. Goffe.

*McKenney*, for appellant.

Price v. Luter.

*F. Faunt LeRoy*, for appellee.

LIPSCOMB, J.    This suit was brought before a Justice of the Peace, and removed by a *certiorari* to the District Court, and a judgment for the plaintiff, from which the defendant appealed. In the Court below, the appellee, then plaintiff, to avoid the plea of the statute of limitations, offered proof that he had given the claim to a Justice of the Peace to issue his summons on, in time before the statute had operated as a bar; that suit had not been commenced for the want of an officer to execute process, and that plaintiff then put his claim into the hands of another Justice, and the suit was commenced.    It is admitted that this suit was commenced after the statute had perfected the bar of limitation.

It was thought by the Court below, that the circumstances created an exception and prevented the bar of the statute.  The admission of the exception was in truth legislation, as it created a new exception, not known to the statute, and directly in opposition to the decision of this Court in the case of Keeble v. Bailey, (3 Tex. R. 492.)    The judgment is reversed and the cause dismissed.

Reversed and dismissed.