## JOHN B. GARNETT v. SAMUEL A. ROBERTS.

A failure to make out a statement of facts and have it authenticated, for the purposes of appeal, cannot be supplied by depositions of witnesses as to the evidence on the trial.

Error from Fannin. Tried before the Hon. William S. Todd.

Suit by defendant in error against the plaintiff in error for the recovery of money. There was no statement of facts nor bill of exceptions. The depositions of the Clerk and of an attorney for defendant below, was taken to prove the loss and

contents of a charge given to the jury, for the plaintiff, and what the evidence was.

*H. Dillahunty*, for plaintiff in error.

*J. T. Mills*, for defendant in error.


HEMPHILL, CH. J. In this case there is no statement of facts, nor are the instructions complained of embodied in the record. As a substitute, the depositions of witnesses as to the facts in evidence, and the instructions given at the request of the plaintiff, are copied in the transcript. But this mode of completing the record, and making up the statement of facts, is unauthorized by the statute, and furnishes no authentic basis for the action of this Court. Apart from the evidence and these instructions, there is no pretence of error. The charge given at the request of defendant secured to him, on a supposed state of facts, the benefit of the Statute of Limitations.

Had the evidence and instructions, embodied in the depositions, been properly authenticated to this Court, it would be extremely doubtful, to say the least, whether there would be any such error as would authorize the reversal of the judgment. But it is not necessary to consider a state of the case which is not before the Court; and it is ordered that the judgment be affirmed.

Judgment affirmed.