for the cost of making the well, when under his contract and the ordinance it was his duty to make it. Neither the charter nor ordinances nor contract in terms fix the time of payment, and consequently the time of performance on one side is the presumed time for performance on the other. When the well is received, and not till then, the one year during which the contractor guarantees its sufficiency begins to run, and as he is bound upon his bond to make good that guaranty, there seems to be no sufficient reason to postpone payment.

But the petition was fatally defective in failing to allege that the ordinance was published as required by charter.

Wherefore the judgment is *affirmed.*

*Lane & Harrison, for appellants.*

*Young & Boyle, for appellees.*

---

HALE & HEAD, ET AL., *v.* J. A. GROGAN, ET AL.

**Attachments, When May Be Issued.**

> An attachment can only be issued at the time or after the commencement of an action, and an action is commenced by filing the petition in the clerk's office and causing a summons to be issued or a warning order made. An attachment is void where no summons has issued, and this question can be raised by another creditor.

APPEAL FROM CALLOWAY CIRCUIT COURT.

May 13, 1879.

OPINION BY JUDGE PRYOR:

The question raised in this case is, Can an attachment issue before the summons? We see no escape from the conclusion reached by the court below.

The plaintiff may, at or after the commencement of an action, have an attachment, and not before. An action is commenced by filing in the clerk's office the petition and causing a summons to be issued or a warning order made. Secs. 39-194, Civil Code. There is no lis pendens until a summons is issued or a warning order made, and the provisions of the General Statutes are not in conflict with this view of the case, and if such was the case the provisions of the Code of Practice must control.

The various actions in which attachments had been obtained were consolidated and the question presented as to the rights of the

creditors. Each creditor was directly interested in having the property or its proceeds applied to the payment of his debt and we perceive no reason why in such a case one creditor should not be allowed to contest the right of priority on the part of other creditors, and to show that they have in fact no lien on the property sold. The attachment of the appellants was void, as no summons had issued.

The judgment below is therefore *affirmed.*

*G. A. C. Holt, William Lindsay, for appellants.*

*E. Crossland, for appellees.*

---

## WILLIAM BANKS *v.* COMMONWEALTH.

**Criminal Law—Instruction.**
> It is not proper in any case for the court to instruct the jury that the law implies malice from any fact or facts proven.

**Malice an Ingredient in Crime.**
> Where malice is an essential ingredient in a crime the jury should be left to find that it exists or does not exist, the same as it is left to them to find the killing in a homicide case.

**No Reversal Where Instruction Is Not Prejudicial to Defendant.**
> Before an erroneous instruction can be made the sole ground of reversal it must appear that it is at least probable that the accused may have been prejudiced by it.

**Proof Affecting Credibility Only.**
> Proof that a witness made statements when not on oath inconsistent with his sworn testimony is not substantive evidence as to the circumstances of the killing in a homicide case, but goes only to show his credibility as a witness.

APPEAL FROM MENIFEE CIRCUIT COURT.

May 13, 1879.

OPINION BY JUDGE HINES:

The second instruction given in this case is neither accurate in language nor correct as a matter of law. While not necessarily in conflict with the conclusions reached in the case of *Farris v. Commonwealth,* 14 Bush 362, it is inconsistent with the reasoning there employed, which we recognize to be correct. The same instruction in instance was approved without comment in *Kriel v. Commonwealth,* 5 Bush 362; and in *Nichols v. Commonwealth,* 11 Bush 575,