## H. & T. C. R'y Co. v. E. J. Pinto.

(Case No. 3862.)

1. RAILWAY COMPANY — FACT CASE. — See statement and opinion for facts testified to, conflicting in their character, under which the court refused to disturb a verdict in favor of a brakeman, against a railway company, for $5,000 damages, caused by the brakeman's hand being crushed, through the negligence of the company in leaving a ditch unfilled, across which the brakeman was required to work in coupling cars.

ERROR from Grayson. Tried below before the Hon. Joseph Bledsoe.

E. J. Pinto brought this suit November 26, 1878, original petition filed January 4, 1878, against the Houston & Texas Central Railway Company to recover damages for personal injuries sustained by him on the 24th day of January, 1877, on the Denison yard, in Grayson county, while in the employ of defendant as brakeman and switchman for night work. He received his injury while in the act of making a coupling, and the petition alleges that it occurred by his stepping into an open ditch in the yard, of the locality and existence of which he was ignorant, and that in the act of falling, to save himself from being thrown under the cars, he was thrown on to and

against the cars, so that his hand came between the dead-wood or bumpers of two cars in motion, and was crushed, necessitating amputation. It was alleged as negligence in defendant that the ditch or hole into which plaintiff stepped was permitted to be in defendant's yard, and generally, that defendant's yard at Denison was rough, uneven, and kept in an unsafe condition. Damages laid at $5,000.

The defense was, that plaintiff was aware of the locality of the ditch; that it was necessary for the proper drainage of the yard; that the yard was in good, safe repair; that plaintiff's negligence contributed to and occasioned his injury; and that if the ditch was negligently put in the yard and improperly kept, it was without the knowledge of defendant and the act of a fellow-servant of plaintiff. Verdict and judgment for plaintiff for $5,000.

*R. De Armand,* for plaintiff in error.

*E. A. Wilkinson,* for defendant in error.

DELANY, J. COM. APP.— The first four assignments of error are so vague as to amount to a waiver of errors. Rule 26, Supreme Court; 47 Tex., 602. We will therefore consider whether the verdict is sustained by the evidence.

It appears from the testimony that in January, 1877, appellee was employed in the yard of appellant, in the city of Denison, his duties being to attend to the switching, coupling, etc., of its cars. His duties were performed only at night. On the third night after he was employed, while acting under the orders of the night superintendent, he, with a lighted lamp on his left arm, made an attempt to couple the cars of a train, and failing at the first attempt, he advanced with the train, which was moving slowly, and when they again came together he made a second attempt, and in doing so stepped into a ditch which run across the road under the track. He threw out his right hand to save himself from falling under the train, when it was caught between the cars and crushed so as to render amputation necessary. The ditch was about twelve inches deep and from twelve to eighteen inches in width. He testifies that he knew nothing of the presence of this ditch, having never been in that part of the yard before, and that he had never been in the yard at all in the day-time. He had been employed many years in similar business at other places, and appears to have been familiar with his duties; was about thirty-five years old.

Best, the night superintendent, thought that he had warned appellee about the ditches, as such had been his habit with new employees generally. He further states that just as the plaintiff was making the second attempt to couple the cars, he "told him to watch out for the ditch and the dead-woods. Plaintiff answered, I am; Immediately afterwards the accident happened." He also states that the plaintiff had worked in the same part of the yard on the previous nights. Another witness, who had worked in the yard, states that the plaintiff was not working near the ditch on the two preceding nights, but in another part of the yard. He states, also, that another ditch crossed the track near the one into which the plaintiff stepped; but the other one was covered with plank at the place where it crossed the track, but this one was left open. He called the attention of the section boss to this open ditch, but does not recollect whether it was before or after the accident. Another witness, after describing the condition of the ground at the time of the accident, says that in a few days after it occurred the defendant "began to fill up the yard; that is, box up the ditches and fill in between the ties." There was a considerable degree of conflict in the testimony as to the condition of the road-bed, some stating that it was very bad, others that it was as good as any they had ever known.

John R. Wright, the yard-master, testified that the ditch into which the plaintiff fell had been placed there by the section boss for the purpose of giving surface drainage to the yards. Witness thought the ditch necessary for that purpose; did not think that G. A. Quinlan, the division superintendent, knew of its existence, or had ordered its construction. It was the duty of the section boss to keep the yard and track in proper repair.

Neither Quinlan nor the section boss testified in the case, though Wright stated upon cross-examination that he had seen Quinlan about the yard.

In this conflict of testimony we are not prepared to say that the verdict of the jury was clearly wrong; and taking the case of H. & G. N. R. R. Co. v. Randall as our guide, we cannot say that it was excessive. 50 Tex., 254.

Our opinion, therefore, is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted December 14, 1883.]