W. C. MOODY & CO. ET AL. V. D. O. MCRIMMON & CO.

No. 1259.

1. Justice Court—Attachment Before Citation Issued.—It seems that the issuance of an attachment by a justice of the peace and its levy before the issuance of citation, is void and fixes no lien.

2. Jurisdiction—Injunction by District Court.—Appellants and appellees both sued H. and levied attachments upon the same property, of value less than $200. Appellants' attachment, issued from the Justice Court before the issuance of citation, was levied before that of appellees, issued from the County Court. Appellees intervened in the suit in the Justice Court, but dismissed this intervention, and, while their suit was still pending in the County Court, filed an original suit in the District Court to enjoin the execution of the order of sale made by the justice. Held, that appellees' remedy was by injunction from the County Court, or by procuring the quashal of the levy of the attachment in the Justice Court by their intervention in that court.

APPEAL from Shackelford. Tried below before Hon. T. H. CONNER.

J. R. Warren, for appellants.—1. The failure to issue citation until after writ of attachment has issued in Justice Court is an irregularity, and judgment in such case foreclosing the attachment lien, at most, is only voidable as to the defendant in the original suit, and execution or order of sale issued on such judgment can not be attacked in collateral proceedings. Bowers v. Chaney, 21 Texas, 363; Murchison v. White, 54 Texas, 78; Bennett v. Gamble, 1 Texas, 124; Williams v. Ball, 52 Texas, 603; 10 Texas, 140; Fitch v. Boyer, 51 Texas, 344; Railway v. Dowe, 70 Texas, 1; Smith v. Perkins, 81 Texas, 152; Treadway v. Eastburn, 57 Texas, 209; Lyne v. Sanford, 82 Texas, 58; High on Injunc., secs. 225, 226.

2. The District Court is without jurisdiction in this case, because prior to the filing of this suit and issuance of injunction herein, the County Court had acquired jurisdiction of the subject matter of the suit, the property in controversy, by the levy of attachment thereon; and appellees had a full and complete remedy without resort to the District Court. Const., art. 5, sec. 16; Acts 22nd Leg., p. 201.

Theodore Mack, for appellees.—1. A suit is not duly instituted in Justice Court until citation issues. King v. Robinson, 2 Willson C. C., sec. 555; Rev. Stats., art. 1569; Keeble v. Bailey, 3 Texas, 492; Price v. Luter, 14 Texas, 6.

2. A writ of attachment issued by a justice of the peace before the institution of a suit is void not only as to the defendant, but also as to third parties. Rev. Stats., art. 154 (Act March 11, 1848, 2nd Leg., p. 65); Pasch. Dig., art. 165, note 257; Hall v. Grogan, 78 Ky., 11 (cited in 7 Laws. Rights, Rem. and Prac., note 6, sec. 3552, p. 5526); Seibert v. Switzer, 35 Ohio St., 661; Pope v. Ins. Co., 24 Ohio St., 481; Endel

v. Leibrock, 33 Ohio St., 254; Waffle v. Goble, 53 Barb. (N. Y.), 517; Kerr v. Mount, 28 N. Y., 659; Kelly v. Strayer, 15 Hun (N. Y.), 97; Garrett v. Taylor (Ga.), 14 S. E. Rep., 869.

STEPHENS, ASSOCIATE JUSTICE.—Appellants assail the judgment appealed from, on the ground that the District Court was without jurisdiction. Appellees rest their right to maintain this suit in that court upon the late amendment to section 8, article 5, of the Constitution, conferring upon the District Court general original jurisdiction over all causes of action whatsoever for which a remedy or jurisdiction is not provided by law or the Constitution.

The question then is, had the law or Constitution provided a remedy in some other tribunal? This question, we think, should be answered in the affirmative.

Hoyt & Clark, an insolvent firm, were indebted to appellants Moody & Co. in the sum of $109, and to appellees in the sum of $400. There was the usual race of diligence by attachment between these competing creditors, resulting in the levy, upon certain personal property, of the attachment issued out of the Justice Court in favor of appellants a few minutes prior to that of the attachment issued simultaneously out of the County Court in favor of appellees.

Appellants, in suing out their attachment, filed with the justice of the peace a petition praying for citation, but none issued till after the attachments were both levied; though all the proceedings occurred on the same day. The attachment first levied was executed by the sheriff, and the other, it seems, by his deputy.

Appellees intervened in the suit in the Justice Court, but afterwards voluntarily dismissed their intervention without prejudice; and thus permitted plaintiffs in that suit to proceed to judgment, with foreclosure of their attachment lien. Thereafter, and while their suit was still pending in the County Court, they brought this injunction suit in the District Court to restrain appellants from the execution of the order of sale from the Justice Court.

The right to the equitable relief thus sought was founded upon the proposition that an attachment issued by a justice of the peace, without the issuance of citation, is void, and its levy before the issuance of such citation is a nullity and fixes no lien. This proposition seems to be supported by authority. Rev. Stats., arts., 154, 1569; Keeble v. Bailey, 3 Texas, 492; Price v. Luter, 14 Texas, 6; Hall v. Grogan, 78 Ky., 11; Seibert v. Switzer, 35 Ohio St., 661; Carruth-Byrnes Hardware Co. v. Deere, Mansur & Co. (Ark.), 7 L. R. A., 405.

But if its correctness be conceded (which we do not find it necessary to decide), it does not follow that the District Court was the proper forum to apply to for relief. If the levy was void, the Justice Court

certainly had the power to so declare and release the property, which was personalty under the value of $200.

Appellees, by fixing a lien under their attachment, had such interest as entitled them to intervene, if not excluded from the jurisdiction of the Justice Court, as contended by them, by the amount of their claim. As their intervention did not involve the adjudication of the amount of their debt, but only the validity of a levy on property under the value of $200, it is by no means clear to us that they could not have secured its release from the levy in the Justice Court, or, failing in that, by an appeal to the County Court.

However this may be, if the Justice Court afforded no adequate remedy, we see no reason why they might not have made appellants parties to their suit in the County Court, and obtained an injunction from that court, as provided in the Constitution, to enforce its jurisdiction. If, as alleged by appellees, the proceeding in the Justice Court by virtue of a void levy of attachment would have had the effect of preventing the enforcement of a valid attachment lien fixed by the suit in the County Court, the latter court was not powerless to afford relief, its jurisdiction having already attached.

Our conclusion is, that appellees, in voluntarily retiring from the Justice Court and ignoring the County Court to seek, by an original suit, relief in a third court, which relief was but auxiliary to their County Court suit, mistook their forum; and for that reason the judgment must be reversed and the cause dismissed.

*Reversed and dismissed.*

Delivered June 20, 1894.