DELAWARE WESTERN CONSTRUCTION COMPANY ET AL. V. FARMERS
AND MERCHANTS NATIONAL BANK OF GILMER.

Decided December 5, 1903.

**1.—Citation—Stating Names of Parties.**

In an action against two defendants a citation naming but one of them
as the defendant in the case is fatally defective and will not support a judg-
ment by default.

**2.—Same—Stating Cause of Action.**

Where a citation, issued to a defendant residing out of the county, and
accompanied by a certified copy of plaintiff's petition, as required in such
cases by article 1215, Revised Statutes, does not contain a statement of the
nature of plaintiff's demand, but in lieu thereof says, "For cause of action
reference is here made to the certified copy of plaintiff's original petition
hereto attached," the citation is defective and will not support a judgment
by default.

Error from the County Court of Upshur. Tried below before Hon.
M. B. Brigg.

*Barnwell & Eberhart,* for plaintiffs in error.

*Warren & Briggs,* for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was filed by the de-
fendant in error in the County Court of Upshur County, Texas, against
the plaintiffs in error on the 30th day of October, 1902, on a joint note
alleged to have been given by them to said bank on the 24th day of
January, 1902, said note being for $1000, and became due and payable
sixty days after date. Citations issued to defendants to Harrison County,
and were served on the 6th day of October. Defendants did not answer
in said cause, and on the 18th day of November, 1902, judgment was
rendered by default against both of them. Defendants have prosecuted
a writ of error.

The first assignment of error reads: "The court erred in rendering
judgment by default against these defendants, because it affirmatively
appears from the record herein that the citations served upon them are
fatally defective and will not support a judgment by default for the fol-
lowing reasons: (1) Because said citations served upon defendants
did not contain the names of both of these defendants, but named only
the Delaware Construction Company as defendants. (2) Because said
citations wholly failed to state the nature of plaintiff's demand, but sim-
ply referred to plaintiff's petition for such statement; the only attempt
to comply with the requirement in said citations being in words as fol-
lows: 'For cause of action reference is here made to the certified copy of
plaintiff's original petition hereto attached.' "

Omitting the formal parts, the citation served on the Delaware Con-
struction Company reads as follows: "You are hereby commanded to
summon the Delaware Western Construction Company, by delivering
to its president, L. E. Walker, a copy of this citation, to be and ap-

pear before the honorable County Court of Upshur County, Texas, at the next regular term thereof, to be holden at the courthouse in Gilmer, Texas, on the 3d Monday in November, 1902, then and there to answer the plaintiff's petition filed in a suit in said court on the 30th day of October, 1902, wherein the Farmers and Merchants National Bank of Gilmer is plaintiff and the Delaware Western Construction Company is defendant. File number of said suit being No. 547. The nature of plaintiff's demand is as follows, to wit: For cause of action reference is here made to the certified copy of plaintiff's original petition hereto attached."

The citation served on L. E. Walker (omitting formal parts) reads as follows: "You are hereby commanded to summon L. E. Walker to be and appear before the honorable County Court of Upshur County, Texas, at the next regular term thereof, to be holden at the courthouse in Gilmer, Texas, on the 3d Monday in November, 1902, then and there to answer the plaintiff's petition filed in a suit in said court on the 30th day of October, 1902, wherein the Farmers and Merchants National Bank of Gilmer is plaintiff and the Delaware Western Construction Company is defendant. File number of said suit being No. 547. For cause of action reference is here made to the certified copy of plaintiff's original petition hereto attached."

A copy of plaintiff's petition was served on each of the defendants. L. E. Walker is not named as a defendant in either citation, but in both the Delaware Western Construction Company is named as the only defendant.

The first question presented is, will a citation which does not comply with the statute, in that it does not state the names of the parties to the suit, support a judgment by default? It has been repeatedly held that such a citation is fatally defective and will not authorize a judgment by default. Burleson v. Henderson, 4 Texas, 49; Norvell v. Garthwait, 25 Texas, 584; Battle v. Eddy, 31 Texas, 368; Crosby v. Lum, 35 Texas, 41; Rogers v. Green, 33 Texas, 662; Anderson v. Brown, 16 Texas, 555; Owsley v. Bank, 1 Posey U. C., 95, 97; Heath v. Praley, 50 Texas, 209; Durham v. Betterton, 79 Texas, 223; Pruitt v. State, 92 Texas, 434.

The next question raised is, were the citations defective in failing to state the nature of plaintiff's demand? The statute names this as one of the requirements of a citation. Rev. Stats., art. 1214. It is held that the provisions of the statute in this respect are mandatory and there must be a substantial compliance therewith. Pruitt v. State, 92 Texas, 435.

The citation in question makes no statement whatever of the nature of plaintiff's demand, but refers to "the certified copy of the petition hereto attached." The copy of the petition accompanying the citation is no part of the citation. Where the defendant, as in this case, lives out of the county, the statute requires a certified copy of the petition to accompany the citation, and it was to comply with this statute that the copy of the petition was attached to the citation. Rev. Stats., art. 1215.

This statute does not and was not intended to change the statutory requirements of a citation.

Defendant in error insists that, as the certified copy of the petition attached to the citation was referred to in the citation for a statement of the nature of plaintiff's demand, such reference was a compliance with the statute. If this argument is sound, it would also apply to a citation which fails to name the parties to the suit. The courts have uniformly held a citation defective when the parties to the suit are not named therein, even in cases where a copy of the petition accompanies the citation. Battle v. Eddy, Anderson v. Brown, Norvell v. Garthwait, supra.

We are of the opinion that the citation in this case, in failing to state the names of the parties to the suit or to make any statement therein of the nature of plaintiff's demand, but referring to the copy of the petition attached thereto for such statement, did not comply with the provisions of the statute, and is not sufficient to support a judgment by default.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*