R. W. Vann et al. v. W. B. Denson et al.

Decided May 26, 1909.

**1.—Brief—Assignment of Error—Statement.**

In the preparation of a brief, a mere reference to the record without such a statement of the facts appearing in the record as will enable the Appellate Court to pass on an assignment of error, is not sufficient.

**2.—Estoppel—Heirs.**

When heirs join in the conveyance of land which they knew had been received by their mother in consideration of a land certificate belonging to the community estate of their father and mother, they are thereby estopped from denying that their mother was authorized to sell the certificate.

**3.—Same—Estoppel by Warranty.**

When the heirs of a surviving wife inherit property from her, they are estopped from claiming title to land located by virtue of a certificate sold and conveyed by her with covenant of warranty.

**4.—Limitation—Boundaries.**

A defendant in trespass to try title claimed 160 acres under the ten years statute of limitation; the lines of the land claimed by him had been marked or "blazed out" when he first took possession; a subsequent survey showed that defendant had marked out more than 160 acres; after the survey he claimed only the 160 acres. Held, defendant's adverse possession having continued for more than ten years before the suit was filed he was entitled to hold the entire tract of 160 acres and not merely the quantity actually enclosed.

Appeal from the District Court of San Jacinto County. Tried below before Hon. L. B. Hightower.

*G. W. McKellar,* for appellant R. W. Vann; *P. E. McMahon* and *A. T. McKinney,* for appellant Stone.

No briefs for appellee.

FLY, Associate Justice.—The appellees in this case brought this action of trespass to try title to 576 acres of land out of the Harmon H. Holliman survey, against R. W. Vann, J. W. Moyer, Louisa H. Moyer, J. H. Holliman, Hattie B. Stone, S. P. Stone and A. R. Hamblin. The cause was tried by jury and a verdict rendered in favor of R. W. Vann for thirty acres of land and his improvements, and for appellees for the balance of the land sued for, and judgment was accordingly so rendered. This appeal is perfected by J. H. Holliman, Hattie B. Stone, S. P. Stone, A. R. Hamblin and R. W. Vann, the latter giving an appeal bond separate from the rest.

R. W. Vann pleaded not guilty and claimed 160 acres of the land

by ten years limitations, and the other appellants excepted to the petition and Vann's answer, pleaded not guilty, and pleaded the coverture of Mrs. Harriet B. Stone and Mrs. Lou Moyer in bar of Vann's claim. Appellees pleaded the coverture of Mrs. Mary W. Montgomery, and the minority of Helen E. Montgomery, Margaret W. Montgomery and Edward L. Montgomery in bar of the plea of limitations on the part of Vann.

We will first consider the assignments of Holliman, Stone and Hamblin. The court admitted in evidence over the objections of the appellants, except Vann, a deed from W. B. Denson as agent for W. M. Goodrich to 200 acres of land off the Viesca survey, while the suit was for 576 acres patented to Harmon H. Holliman, assignee of the Buffalo Bayou, Brazos and Colorado Railroad Company. It would seem that the deed was introduced to show what the consideration was for the transfer of the certificate upon which the land in controversy was located. There was no necessity for the introduction of the deed for W. B. Denson testified to the same facts and no bill of exceptions was reserved to his testimony. The statement under this assignment was so inadequate that a strict enforcement of the rules would have denied it consideration. References to the record without a statement in substance of the necessary facts is not sufficient. (Bayne v. Denny, 21 Texas Civ. App., 437; Galveston, H. & N. Ry. v. Olds (Texas Civ. App.), 112 S. W., 787.)

It was proper to prove that the heirs of Louisa Holliman, who are appellants herein, with full knowledge of the fact that the land certificate was traded by their mother after the death of their father to Denson for 200 acres out of the Viesca grant, afterwards joined in a sale of the land. Such facts showed that they inherited property from their mother and tended to create an estoppel against them in regard to any claim that their mother was not authorized to sell the certificate. The deed from Denson, as agent for Goodrich, to Louisa Holliman, recited that the land was conveyed in consideration of a land certificate for 640 acres. By his deed to Garvey, J. H. Holliman and Stone and wife ratified the act of Mrs. Louisa Holliman in selling the certificate, and they can not now be heard to question her authority in the premises. (Lindsay v. Freeman, 83 Texas, 259; Corzine v. Williams, 85 Texas, 499.) The warranty in the transfer not only estopped Mrs. Holliman, but her heirs who inherited from her. This disposes of the second, third and fourth assignments of error.

In the transfer of the certificate by Louisa A. Holliman to Goodrich she gave a full warranty to the whole certificate, reciting therein: "I, the said widow of said Holliman, having full authority and charge of his estate, have done this act for the considerations named and for other considerations to me deemed satisfactory." That transfer was executed and acknowledged on September 12, 1871, and was placed on record on September 21, 1871. The transfer was made about four or five years after the death of H. H. Holliman, who was the husband of Louisa A. Holliman. The warranty given by Mrs. Holliman extended to the whole of the certificate. The warranty of Mrs. Holliman would estop her heirs from setting up a title to the land located under the certificate sold and warranted by her. By taking possession of and

selling the land their mother received for the certificate they became liable on her warranty, and if they recovered the land from appellees they would be liable on her warranty for the failure of the title. (Gould v. West, 32 Texas, 338; Crain v. Wright, 60 Texas, 516.) The mother could not deny her title to the certificate and neither can her heirs.

The mother of Mrs. Stone received as a part of the consideration for the transfer of the certificate two hundred acres of land out of the Viesca grant. She enjoyed the use of that land, and her heirs inherited the land after her death. They sold it with full knowledge that it had been received for the certificate, and to allow them to recover the land located by virtue of the certificate without an offer to return the Viesca land or its value would be to uphold a gross fraud upon the rights of others. The law extends its protection to the rights of married women, but it will not permit them to act fraudulently to the injury of others. (Cravens v. Booth, 8 Texas, 243; Fitzgerald v. Turner, 43 Texas, 79; McKinney v. Matthews (Texas Sup.), 6 S. W., 793.)

The fifth, sixth and seventh assignments of error complain of portions of the charge of the court, the only ground of objection being that they are contrary to law and irrelevant to the issues. No authorities are cited, nor any aid whatever extended to this court in the consideration of the points sought to be presented. Impelled by a desire alone to secure appellants their day in court, secures a consideration of the assignments. The uncontroverted evidence did show, as stated in the charge complained of in the fifth assignment, that the certificate was transferred to Forshey for the benefit of Goodrich by Mrs. Louisa Holliman, and it could not have injured appellants for the jury to be instructed to inquire whether the transfer was made before or after it had been located on lands, and if the certificate was located before it was transferred to find against the plaintiffs. Nor were they injured by the instruction to inquire if the consideration was received by Mrs. Holliman from Forshey. The court, in its final instruction, made the validity of the transfer hang upon the conveyance to her by Goodrich of the 200 acres of the Viesca grant and the sharing of appellants in the benefits arising from that land.

The special charge asked by appellants, whose refusal is complained of in the eighth assignment, ignored the question of ratification and estoppel raised by the facts, and instructed a recovery for appellants if Mrs. Louisa Holliman was the wife of Howell Holliman when he acquired the land certificate and she sold the certificate after his death. The charge would have been misleading.

It is not controverted that R. W. Vann was in possession of and had perfected a title to at least thirty acres of land by ten years limitation, and it is his claim that at the same time his title to 130 acres more of the land was perfected. The uncontradicted evidence shows that when he went on the land in 1872, more than ten years before this suit was instituted, that he marked out and "blazed out" what he thought was 160 acres of land, and afterwards had it surveyed. The survey showed that he had marked out more than 160 acres. He claimed that number of acres during ten years before the suit was instituted. The land is

described by field notes in the answer. In the case of Giddings v. Fischer, 97 Texas, 184, it was said: "When a party is in possession of land of which he has held adverse possession for ten years, and claims under no muniment of title or color of title which fixes the boundaries of his claim, he may under our statute assert title to 160 acres without showing actual occupancy of the whole, provided that the tract so claimed embrace the land of which he has had actual possession, and provided further, that he describe in his pleading the 160 acres to which he asserts title, and that he prove upon the trial that while occupying a part he claimed the whole." The same rule had been announced by this court prior to its enunciation in the case cited, in the case of Price v. Eardley, 34 Texas Civ. App., 60. The same opinion was reached in a recent decision by this court in which a writ of error was refused by the Supreme Court. Railway v. Broom, 114 S. W., 655. In the case of Davis v. Oil Co., 50 Texas Civ. App., 597, the same conclusion was reached and the land was not so definitely located as in this case.

The judgment will be affirmed as to all the appellants except R. W. Vann, and as to him will be reversed and judgment rendered that he recover the 160 acres of land described in his answer, and recover of appellees all costs by him expended.

*Affirmed in part and reversed and rendered in part.*