GRIFFIN v. STATE ex rel. MILLER.†

(Court of Civil Appeals of Texas. San Antonio. April 10, 1912. Rehearing Denied May 8, 1912.)

1. Quo Warranto (§ 45*)—Citations—Sufficiency.

The fact that a citation in quo warranto did not state the nature of relator's demand was not ground for quashing the citation, where the certified copy of the petition accompanying the citation sufficiently stated the nature of the demand; there being a substantial compliance with the statute.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 47; Dec. Dig. § 45.*]

2. Quo Warranto (§ 38*) — Actions—Parties.

Where defendant was the only one of eleven candidates for four offices who was claimed to have been defeated by relator, three of the other candidates being admittedly elected, defendant was the only one of the candidates who was a proper party defendant to quo warranto proceedings by relator to obtain title to one of the offices.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 44; Dec. Dig. § 38.*]

3. Quo Warranto (§ 49*)—Sufficiency of Petition.

A petition in quo warranto, which alleged that relator had been deprived of an office to which he had been elected, and which stated the number of votes he received and the number defendant received, and alleged that relator

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

† Writ of error denied by Supreme Court June 26, 1912.

had been fraudulently counted out by election officers, was sufficient on general demurrer.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. §§ 49-52, 59, 60; Dec. Dig. § 49.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error as to the sufficiency of a petition in quo warranto will not be considered, where neither the statement nor proposition thereunder specifically states the grounds of attack on the petition, as the court is not bound to refer to the record to obtain the statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Information in the nature of quo warranto by the State, on the relation of Roy Miller, against W. H. Griffin. From a judgment for relator, defendant appeals. Affirmed.

John C. Scott, G. R. Scott, and Boone & Pope, all of Corpus Christi, for appellant.

FLY, J. This is an information in the nature of a quo warranto brought in the name of the state of Texas, upon the relation of Roy Miller, against appellant to recover from him the office of commissioner of the city of Corpus Christi.

It was alleged in the petition that an election was held in Corpus Christi on April 4, 1911, for officers, among the number being four commissioners for a term of two years; that Roy Miller was duly elected as one of the commissioners, and was authorized and entitled to hold and enjoy the office, with its emoluments, of the value of $1,000, for the term of two years; that on May 5, 1911, appellant usurped said office and excluded relator therefrom, and receives all the profits and emoluments and enjoys all the rights and privileges connected therewith, claiming to hold said office by virtue of a certificate of election from the city secretary, certifying that appellant had received 388 votes for the office, and that such number was the greatest for the office of commissioner. It was further alleged that the certificate was false, and that at the election 346 votes had been polled for relator and only 312 for appellant, and that relator was duly elected. It was further alleged: "That at election precinct No. 1 of said city 132 votes were cast for relator, and 81 votes were cast for said W. H. Griffin, as shown by the returns of said election; that at election precinct No. 2 of said city 104 and more votes were cast for the relator, and 99 or less votes were cast for said W. H. Griffin, and that said votes so cast were not properly counted and returned by the officers of election at said precinct, but were falsely and fraudulently counted, so as to show that the relator received 76 votes, and no more, and that defendant received 175 votes; and that by reason of such false and fraudulent count the returns of

said election made it appear, in estimating the result of said election, that the defendant had received a majority of the votes cast at said election precinct, when in truth and in fact this relator received a majority of said votes, as hereinbefore stated. Plaintiff further says that in election precinct No. 3 of said city 110 votes were cast for relator, and 132 votes were cast for the defendant, as shown by the returns of said election; that, by reason of the gross negligence and misconduct of the managers of said election, it does not in fact show the actual number of votes cast in said election for the relator and for the defendant, and ought not to be considered in estimating the vote cast in said election. Plaintiff further says that if the returns of said election precinct No. 2 had been legally and properly made, as aforesaid, they would have shown that the relator received 104 or more votes, and the defendant received 99 or less votes."

The court, after hearing the testimony, found that relator had received more votes than appellant, and was entitled to the office; wherefore it was ordered that the latter be ousted from the office, and that relator be permitted to qualify in the same.

The evidence showed that relator, Roy Miller, received 370 legal votes, and appellant 306. The election was held to elect four commissioners of the city of Corpus Christi, and there were eleven candidates for the four positions. The three parties receiving the highest number of votes were J. O. Moore, J. J. Uehlinger, and A. A. Thompson, and relator received the fourth highest vote, appellant being fifth on the list; but, for some reason not shown by the record, he was given the certificate of election.

[1] The first assignment is that the court erred in overruling appellant's motion to quash the citation, which, it is claimed, is defective in not stating the nature of appellee's demand. The citation was accompanied with a certified copy of the petition, which, with a copy of the writ, was delivered to appellant, as shown by the return on the citation. Admitting that the citation, when standing alone, did not fully set out the cause of action, still the accompanying petition supplied that defect, and was a substantial compliance with the statute. It is true that such a defective citation, accompanied with a copy of a petition which corrects its defects, it is held, will not support a judgment by default (Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Construction Co. v. Bank, 33 Tex. Civ. App. 658, 77 S. W. 628); but we think it entirely too technical to hold that a judgment should be set aside on account of the citation failing to describe the cause of action in a case in which the citation refers to an accompanying petition, which fully sets out the cause of action, and the defendant has appeared and made his

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

defenses, especially as the appearance to quash was an appearance for the succeeding term of the court, and the result of another trial would probably be the same. "It would be idle to set aside a judgment and retry a cause, when no other result but that already attained could possibly be reached." Schleicher v. Markward, 61 Tex. 99; Sharp v. Schmidt, 62 Tex. 263; Life Insurance Co. v. Williams, 79 Tex. 633, 15 S. W. 478. Appellant made no effort to postpone the trial of the cause after his motion and exceptions had been overruled, but announced ready, thereby indicating that he had all of his testimony where he could use it.

[2] As hereinbefore stated, there were eleven candidates for four offices; and, as the three receiving the highest votes were undoubtedly elected, relator could have had no cause of action against them, and they should not, and were not, joined in the suit. The only man, among the four who were given certificates, who was claimed to have been defeated by relator was appellant, and very properly he was the only one sued. Relator was not seeking all four of the offices, but only the one occupied by appellant, and he sued him. The court therefore did not err in overruling the plea of nonjoinder of parties. The other commissioners were neither necessary nor proper parties.

[3] The general demurrer was properly overruled. Appellee clearly alleged that the relator had been deprived of an office to which he had been elected, stating the number of votes he had received and the number appellant had received; and that he had been fraudulently "counted out" by the officers of election. The petition was not open to general demurrer.

[4] Assignments of error 4 to 21, inclusive, are overruled, because not followed by any proper statement, and because in none of them, or in the propositions following them, are the grounds of attack on the petition specifically pointed out. None of the exceptions are copied into the brief or stated in substance. This court is not called upon to consult the record to obtain statements under assignments of error. It is argued that the names of the parties who were deprived of their votes, or who had their votes changed, should have been set out in the petition. Appellee did not allege that any one had been deprived of his vote, or had his vote changed, but merely that the officers of election had made a false and fraudulent return of the votes.

Assignments of error from 22 to 26, inclusive, are not followed by statements, and are overruled. The rules have been ignored in preparing the assignments mentioned for submission. References to the record have been held time and again not to comply with the rules in regard to statements. Bayne v. Denny, 21 Tex. Civ. App. 435, 52 S. W. 985;

Railway v. Olds, 112 S. W. 787; Vann v. Denson, 56 Tex. Civ. App. 220, 120 S. W. 1020.

The judgment is affirmed.