WOOD v. WARREN et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 3, 1913.)

1. PROCESS (§ 153*)—ERROR IN CITATION.

Error, in that copy of the citation served on defendant did not contain the true date of the filing of plaintiff's original petition, was cured, where the copy delivered to defendant was accompanied by a certified copy of plaintiff's original petition and another defendant's cross-bill against defendant, which copies showed the true date of their filing.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 207, 208; Dec. Dig. § 153.*]

2. JUDGMENT (§ 253*) — CONFORMITY TO PLEADING.

Where, in an action to try title, defendant's cross-bill did not claim an item for delinquent taxes against the cross-defendant, defendant's grantor, defendant was not entitled to recover for such item.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

Error to District Court, Haskell County; James B. Thomas, Judge.

Action by E. Moseley against R. W. Warren and others in which Warren vouched in John A. Wood. There was a judgment for plaintiff against defendant, and judgment over in favor of him against Wood, and Wood brings error. Reformed and affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Scott & Key, of Haskell, A. C. Foster, of Rule, and W. H. Murchison, of Haskell, for plaintiff in error. H. G. McConnell and Jas. P. Kinnard, both of Haskell, and Theo. Mack, of Ft. Worth, for defendants in error.

SPEER, J. E. Moseley filed suit in the district court of Haskell county complaining of Mayes, Leslie, Helton, Beasly, Grisham, Stanfield, Walker, Allen, and R. W. Warren; the action being as to all of the defendants, except Warren, one of trespass to try title and essentially a boundary suit, and as to Warren one to recover upon his warranty as a vendor of the land in the event the other defendants had judgment against plaintiff. Warren vouched in his grantor, John A. Wood, seeking judgment against him in the event plaintiff recovered upon his (Warren's) warranty. On the trial judgment was entered for the plaintiff against the defendant Warren for the sum of $304 for 34 acres of land lost in the action and the sum of $24.73 and interest for delinquent taxes paid upon the land. There was also a similar judgment by default in favor of Warren against Wood, who alone prosecutes this writ of error.

[1] The principal contention on this appeal is that the citation issued to plaintiff in error was insufficient in law to support a default judgment, inasmuch as it did not contain the date of the filing of plaintiff's original petition. The precise error appears to be that the citation recited that plaintiff's original petition was filed October 27, 1912, and since Wood was served with the writ on April 17, 1912, the date given was an impossible one, and therefore tantamount to no date at all. The original citation contained in the transcript, however, shows the date of the filing of plaintiff's original petition correctly, which was October 27, 1911. If, however, the point sought to be raised by plaintiff in error is that the copy served upon him contained the error above noted, and if in any event such an error may be reached by a writ of error without in any manner raising the question of fact of variance between the copy and the original writ in the trial court, nevertheless we overrule the assignment for this: Plaintiff in error resided and was served in Hill county. The copy of the writ of citation delivered to him was accompanied with "certified copy of plaintiff's original petition and defendant R. W. Warren's original answer and cross-bill against defendant J. A. Wood," which certified copies disclosed the true date of their filing. This supplied the omission in the citation and was sufficient to support the default judgment.

[2] The judgment in favor of R. W. Warren against plaintiff in error for $24.73 for delinquent taxes must be reversed, however,

since Warren's plea over against plaintiff in error in no manner sought to recover such item. The judgment of the district court is therefore reformed so as to eliminate the recovery of $24.73 and interest thereon, and as thus reformed the same will be affirmed.

Reformed and affirmed at defendant in error's costs.