### BUTTERWORTH v. BIG WELLS FARM BUREAU ONION GROWERS' ASS'N. (No. 7187.)

(Court of Civil Appeals of Texas. San Antonio. June 11, 1924. Rehearing Denied July 2, 1924.)

**Process ☞34—Citation to which was attached copy of petition held sufficient.**

Under Rev. St. art. 1852, requiring citation to state nature of plaintiff's demand and requisites prescribed in art. 2180, attaching copy of petition to citation was sufficient.

Error from Dimmit County Court; Wm. F. Davis, Judge.

Action by the Big Wells Farm Bureau Onion Growers' Association against G. W. Butterworth. From judgment for plaintiff, defendant brings error. Affirmed.

L. Old, of Uvalde, for plaintiff in error.

Vandervoort & Johnson, of Carrizo Springs, for defendant in error.

FLY, C. J. This is an action on four promissory notes amounting in the aggregate to $907.50, less payments thereon, executed by plaintiff in error to defendant in error, the suit having been filed by the latter to enforce payment of the notes. A writ of attachment was obtained and levied on one Fairbank-Morse engine and Curtis compressor. No jury was demanded, and the court heard the facts and rendered judgment by default in favor of defendant in error for $1,015.15, and foreclosed the attachment lien on the property seized.

The only error assigned is that the citation served on plaintiff in error, who was a

---

resident of the county in which he was sued, did not comply with article 1852, Revised Statutes:

"In reference to the nature of plaintiff's demand, and does not state the nature of plaintiff's demand in the face of the same, it only reading: 'As per certified copy of plaintiff's original petition' which is insufficient in law."

The statute in question provides, in regard to the citation:

"It shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180."

Neither of these articles requires in terms that the nature of the plaintiff's demand shall be written "in the face," of the citation, and the clerk undoubtedly made the nature of the demand clear and without dispute by attaching a certified copy of the petition to the citation. No doubt, he fully stated the nature of the demand, and also "saved the face" of the citation from errors that might have arisen by his version of the cause of action; and we think he made it plain to plaintiff in error what was demanded of him by defendant in error.

Plaintiff in error cites the case of Delaware Con. Co. v. National Bank, 33 Tex. Civ. App. 658, 77 S. W. 628, alone to sustain his contention, but says:

"There are many other cases, but this one, and the others cited are so conclusive that further argument would be superfluous."

We regret the other numerous cases were not cited, as it would undoubtedly have lessened the labor of this court and have thrown more light on the subject. We have not discovered the cases.

The object of the requirements in the citation is to put the defendant upon full notice of who is suing him, where and when he is to appear, and what the claim or demand against him may be. That was obviously done by the citation in this case. He was more fully informed as to the nature of the demand than he would have been had there been a condensed statement of the contents of the petition. He was given more than the statute required, and has no cause whatever of complaint. As said by Chief Justice Garrett in Old Alcalde Oil Co. v. Ludgate (Tex. Civ. App.) 85 S. W. 453:

"The statement of the demand in the citation of itself is not sufficient, but the certified copy of the petition attached thereto, which is shown to have been served on the defendant, supplied its want of fullness, and the failure to state it more fully in the writ could not have operated to the prejudice of the defendant."

In the case of Griffin v. State (Tex. Civ. App.) 147 S. W. 328, in which a writ of error was denied by the Supreme Court, this court held:

"Admitting that the citation, when standing alone, did not fully set out the cause of action, still the accompanying petition supplied that defect, and was a substantial compliance with the statute."

To the same effect are El Paso & S. W. Co. v. Hall (Tex. Civ. App.) 156 S. W. 356, Wood v. Warren (Tex. Civ. App.) 157 S. W. 301, and National Equitable Society v. Tennison (Tex. Civ. App.) 174 S. W. 978. The subject is fully discussed in the last-named case. The later cases do not sustain the cited case of Delaware Con. Co. v. National Bank, and reason and common sense sustain the later decisions.

Plaintiff in error was fully informed of the nature of the demand against him, the end of the law was attained, and he has no just cause to complain of the judgment.

The judgment is affirmed.