## JARRELL v. UNITED STATES REALTY CO. (No. 10919.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 24, 1925. Rehearing Denied March 14, 1925.)

1. **Judgment** ☞17(2)—Statutory requirements as to what shall appear in citation must be strictly complied with to sustain default judgment.

In order to sustain judgment by default, when defendant appeals therefrom, it must appear that statutory requirement as to what shall appear in citation was strictly complied with.

2. **Judgment** ☞17(2) — Default judgment against tenants in distress warrant proceedings held void and set aside where statutory requirements not complied with.

In a distress warrant proceeding in justice court by landlord against tenant for rents due landlord amounting to $945, where affidavit was in accordance with Rev. St. art. 5479, but no bond was filed by plaintiff as required by article 5480, nor was distress warrant made returnable to either county or district court as required by article 5481, nor was citation issued by the justice to defendant as required by article 5486, *held*, that default judgment entered against defendant was void, though papers were transmitted to county court and clerk thereof issued citation to defendant.

### On Motion for Rehearing.

3. **Justices of the peace** ☞141(2)—County court without jurisdiction in distress warrant proceedings, where statutory requirements not complied with, even though considered as proceeding to foreclose landlord's lien.

Though landlord's lien for rent is given by statute independently of distress warrant proceedings, where amount involved exceeded $500, justice court had no jurisdiction to foreclose such lien, and in distress warrant proceeding before justice court, where statutory requirements were not complied with, county court could not acquire jurisdiction, even if proceedings be considered merely as one to foreclose landlord's lien.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by the United States Realty Company against H. C. Jarrell. Judgment entered against defendant by default, and he appeals. Reversed and remanded.

Burns, Christian, Gumm & Gordon and Austin F. Anderson, all of Fort Worth, for appellant.

McCart, Curtis & McCart, of Forth Worth, for appellee.

DUNKLIN, J. H. C. Jarrell has appealed from a judgment against him by default, and for a reversal he relies upon the alleged insufficiency of service of process to support the judgment. That is the only question to be determined.

The suit was by the United States Realty Company, a corporation, who is the landlord, against H. C. Jarrell, the tenant, to collect rent on a building situated in the city of Fort Worth. The suit was a distress warrant proceeding in the justice court, and the pleadings filed by the plaintiff consisted of an affidavit and bond for the issuance of two distress warrants, one to be levied upon property alleged to belong to the defendant, situated in Tarrant county, and the other to be levied upon property situated in Dallas county. It was alleged in the affidavit that the defendant had rented the premises, a place of business, from the plaintiff, located in Fort Worth, for restaurant purposes, and an itemized list of articles constituting the equipment of the restaurant, including stove, refrigerator, tables, cooking utensils, restaurant fixtures, and numerous other articles, upon all of which a landlord's lien was claimed, was set out in the affidavit for the distress warrant. It was alleged that all of those articles were situated in Fort Worth except a bread slicer, which was alleged to have been removed to the city of Dallas, where it was alleged the defendant had removed it and where he had engaged in the restaurant business. The affidavit included a prayer that the writs of garnishment and all other proceedings by the justice court be "duly returned to the county court of Tarrant county, Tex., for civil cases."

In the affidavit it was alleged that the defendant was indebted to plaintiff for rents in the total sum of $945, and a landlord's lien was claimed for that amount on all the property described in the affidavit. The affidavit was in accordance with article 5479, Rev. Statutes. The transcript does not show that any bond was filed by the plaintiff at

the time the affidavit was filed, as required by article 5480, Rev. Statutes. However, appellant has not referred to that fact, nor is the absence of a bond relied on as a ground for reversal. The failure to file such a bond would of itself, of course, be fatal to the judgment foreclosing the landlord's lien on the property upon which the distress warrants were levied.

However, independently of that apparent defect in the proceedings, we have reached the conclusion that the judgment should be reversed on other grounds assigned in appellant's brief.

By article 5481 of the Statutes it is provided that if the amount in controversy in the suit exceeds $500, exclusive of interest, and does not exceed $1,000, exclusive of interest, the distress warrant shall be made returnable to either the county or district court of the county as the plaintiff in such writ may direct.

As noted above, plaintiff in his affidavit for the issuance of the distress warrants directed that those writs be made returnable to the county court. However, both writs were made returnable to the justice court in which the suit was filed.

By article 5486, Rev. Statutes, it is made the duty of the justice of the peace who issues the distress warrant at the time he issues such warrant to also issue a citation to the defendant requiring him to answer before the court to which the warrant is made returnable, and it is further provided that the citation shall be returned to that court—

"Provided, that, if the defendant has removed from the county without service, the proper officer shall state this fact in his return on the citation; and the court shall proceed to try the case ex parte, and may enter the proper judgment."

In the present suit the justice of the peace failed to issue any citation to the defendant. However, after the distress warrants were returned to his court, he did transmit the papers to the county court, and the clerk of the latter court issued a citation to the defendant in Dallas county which was duly served on him.

[1] It is well settled by the decisions of this state that in order to sustain a judgment by default when the defendant appeals therefrom, it must appear that the statutory requirements as to what shall appear in the citation must be strictly complied with. In Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060, a judgment by default was reversed on appeal because the citation failed to give the number of the suit, as is required by statute, although the citation was in all other respects regular and was duly served. To the same effect are many other decisions which might be cited, such as Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787, and Crenshaw v. Hempel, 60 Tex. Civ. App.

385, 130 S. W. 731. In the latter case the file number of the suit was indorsed on the citation but not contained in the body.

A number of other cases might be cited holding that a judgment by default will be reversed if the citation fails to state the names of all the parties to the suit, such as Higgins v. Shepard, 48 Tex. Civ. App. 365, 107 S. W. 79, and Del. W. Const. Co. v. F. & M. Natl. Bank, 33 Tex. Civ. App. 658, 77 S. W. 628. And in the last-cited case it was further held that a citation containing no statement of the nature of the plaintiff's demand, as required by the statute, except a reference to the certified copy of the petition attached, was held to be insufficient to support a judgment by default.

In Randall v. Rosenthal (Tex. Civ. App.) 27 S. W. 906, it was held that the issuance of citation by the justice of the peace in such a proceeding as this is the leading process, and that the issuance thereof is the commencement of the suit, and that the failure of the justice of the peace to issue citation is fatal to the proceedings, citing in support of those holdings Keeble v. Bailey, 3 Tex. 492; Price v. Luter, 14 Tex. 6; Jones v. Stone, 2 Willson, Civ. Cas. Ct. App. § 358. In that case, as in the present suit, the justice of the peace did not issue a citation, but one was issued by the clerk of the district court to which the proceedings were made returnable. The citation was issued out of the district court more than 30 days after the tenant had abandoned the premises, and it was held that by reason of such delay the landlord's lien was lost.

The principle upon which all of those decisions is based is that in order to get jurisdiction over the defendant, and thereby authorize a judgment by default against him, the procedure prescribed by statute for issuance and service of process must be strictly followed.

[2] It thus appears that the issuance and service of citation in this suit was not in compliance with the statutes. It also appears that the distress warrants that were issued were not made returnable as required by the statutes. Accordingly, there was no proper basis for the personal judgment by default against the defendant, nor for the decree of foreclosure of the landlord's lien acquired by the levy of the distress warrants.

The sufficiency of the levy of the distress warrant which was issued to Tarrant county is also challenged by appellant on the ground that, as shown by the return on the writ, the levy was made merely by taking possession of the store described in the writ and locking the door, without any statement that the goods were then in the building. But in view of the conclusions already reached, the judgment of the trial court will be reversed and the cause remanded without determining the merits of that assignment.

On Motion for Rehearing.

[3] It is true, as contended by appellee, that the landlord's lien is given by the statute, independently of distress warrant proceedings. But it is further true that the justice court had no jurisdiction to foreclose such lien in this case in any event, since the amount sued for was $945. And since that court had no such jurisdiction, the county court could acquire none under the proceedings had if the suit be considered merely as one to foreclose the lien. The only reason the county court could acquire jurisdiction to foreclose the lien in such a proceeding as this was by compliance with the statutes referred to in the opinion on original hearing. If the suit had been originally instituted in the county court, and had been to foreclose the lien, without resort to a distress warrant, a different question would have been presented.

The motion for rehearing is overruled.