**WATTERS v. LANNING.**

No. 3013.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1936.

Rehearing Denied Dec. 2, 1936.

Lorimer Brown & Davis, of Harlingen, for plaintiff in error.

Myrick & Johnson, of Harlingen, for defendant in error.

COMBS, Justice.

W. N. Lanning, as plaintiff, sued Mrs. Lena Watters, a widow, alleging that she and her husband, who was deceased at the time the suit was filed, had executed and delivered to him two promissory notes for $700 and $400, respectively, which notes were secured by a deed of trust lien on three lots in the town of Harlingen. It was alleged that the lots covered by the lien were the separate property of the defendant and that the notes were given for money loaned to her for improving her separate property. It was further alleged that Frank Watters, the husband, was dead and that no judgment was sought against him or his estate. Judgment was sought against the defendant, Lena Watters, for the face amount of the notes, less certain payments which had been made, together with interest and attorney's fee and foreclosure of the lien. Mrs. Watters, although served with citation, did not appear and default judgment was entered against her, as prayed for. A motion for new trial being overruled, she has appealed by writ of error. The appeal was originally to the San Antonio Court of Civil Appeals and the case is before us on tranfer by the Supreme Court.

By numerous assignments the appellant contends that the citation served upon her was insufficient to sustain the judgment, in that she contends the citation did not sufficiently state the nature of the demand and her connection with the notes sued upon. The contention is overruled.

The citation gave the date of the notes, the term, interest rate, credits, and amount remaining unpaid, and described by lot and block number the property covered by. the lien securing the notes. The citation showed also that Mrs. Watters was the only defendant in the suit and that the plaintiff sought judgment for the debt, interest, and attorney's fees and foreclosure of the lien on the lots. This, we think, was sufficient. The citation was an "in county" citation, not required to be accompanied by a certified copy of the petition. The statute relating to citations, in addition to the formal requirements as to names of the parties, file number, time and place of appearance, etc., which were fully complied with in this case, requires only that the citation shall state "the nature of plaintiff's demand." Article 2022, Vernon's Ann.Civ.St. It is not the intent of the statute that the citation shall supply the place of a petition, or that it should state the nature of the demand otherwise than in a general way. Houston & T. C. R. Co. v. Burke, 55 Tex. 323, 40 Am.Rep. 808. The citation here did not state that

the defendant executed the notes sued upon. But clearly it described the notes and fully informed the defendant that plaintiff sought judgment on them against her and her alone. The mere omission to state in the citation that the defendant executed the notes did not render it fatally defective. Patton v. Crisp & White (Tex.Civ.App.) 11 S.W.(2d) 826; Butterworth v. Big Wells Farm Bureau Onion Growers' Ass'n (Tex.Civ.App.) 263 S.W. 632; Houston, E. & W. T. Ry. Co. v. Erving, 2 Willson, Civ.Cas.Ct.App. §§ 122, 123; Hunt v. Wiley & Porter, 1 White & W.Civ.Cas. Ct.App. § 1214.

 The further contention is urged by several assignments that plaintiff's petition did not allege facts sufficient to show that the debt sued upon was one which a married woman is authorized by statute to contract, and that since the petition disclosed that Mrs. Watters was a married woman at the time the notes were executed by her and her husband, the petition was insufficient to sustain the default judgment. The contention is overruled. The petition, after describing the notes as having been executed and delivered to the plaintiff by the defendant, Lena Watters, alleged further that "said notes having also been signed by Frank Watters, husband of the defendant, but plaintiff respectfully alleges that said Frank Watters is dead and no judgment is sought herein against his heirs or his estate," and, after describing the mortgage as having been executed by the defendant, and describing the property, alleged: "That all of the above described real property was the separate property of the defendant at the time said mortgages were given and the same are her property now and said liens against said property are now valid and subsisting against said property, and said money was loaned to defendant for improvements on her separate property." The allegation to the effect that the notes were given for money loaned for improvement on the defendant's separate property was sufficient, at least on general demurrer, to show that the notes were given for a debt which a married woman is authorized by statute to contract. Article 4614, R.S.1925, as amended by Acts 1929, c. 32, § 1 (Vernon's Ann.Civ.St. art. 4614); 23 Tex.Jur. p. 219, and authorities cited.

 Moreover, our Supreme Court, in the recent case of Leake v. Saunders, 84 S. W.(2d) 993, definitely held the rule in this state to be that a married woman's contract which is not made for a purpose specifically authorized by the statute is not void but merely voidable at the married's woman's option. See, also, Harris et ux. v. Ware (Tex.Civ.App.) 93 S.W.(2d) 598 (writ refused), and authorities cited.

 We think it necessarily follows that a petition wherein a married woman is sued upon a debt contracted during coverture is not fatally defective for failure to allege that the debt sued upon was one which a married woman was authorized by statute to contract. The earlier cases which so hold are obviously based upon the assumption that a debt contracted by a married woman without authority of statute is void.

 In this case, if Mrs. Watters desired to avoid the notes on the ground that they were given for a debt which the statute did not empower her to contract, she should have appeared and urged her coverture in avoidance. Not having done so, she waived the defense and is bound by the judgment, regardless of whether or not the debt was one which she had the statutory right to contract.

Finding no error, the judgment of the trial court is affirmed.