**KLIER et al. v. RICHTER.**

No. 10323.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Denied July 20, 1938.

J. B. Wieser, Arthur Stehling, and H. H. Sagebiel, all of Fredericksburg, for appellants.

Petsch & Usener, of Fredericksburg, for appellee.

SMITH, Chief Justice.

A suit was brought by Mrs. H. R. Richter against Egon Klier and wife, Ida Klier, on notes executed by them as principals, and to foreclose a deed of trust lien given by them upon certain land in Gillespie County to secure said notes. Judgment by default was taken against both Mr. and Mrs. Klier as prayed for, execution was duly issued, the land was sold thereunder to the judgment creditor, Mrs. Richter, for an amount which left a deficiency. The petition in that suit was in conventional form, all the proceedings therein had were regular, and no effort was made to set aside the judgment or to appeal therefrom. It was in effect a final joint and several personal money judgment against Mr. and Mrs. Klier, and for foreclosure.

When the deficiency developed upon said judgment, the creditor, Mrs. Richter, had the judgment duly abstracted in Gillespie County. Subsequently, Mrs. Klier acquired an interest in certain real estate in said county, and Mrs. Richter brought this suit against the Kliers to foreclose the abstracted judgment lien thereon.

The Kliers contested the suit upon the ground that the former judgment was void, because the pleadings upon which it was rendered disclosed that it was a suit to recover of Mrs. Klier upon a note executed by her during coverture, without alleging that the obligation was incurred for necessaries for herself or for her children, or for the benefit of her separate estate, or upon any contract which could bind her personally. That contention presents the controlling issue of law in this appeal.

The record shows that the petition of Mrs. Richter in the original suit disclosed the fact of Mrs. Klier's coverture, then and at the time she executed the notes there sued on, but did not allege the purpose or consideration for which she executed and delivered said notes, and that judgment by default was rendered upon that petition against both Mr. and Mrs. Klier.

It seems to be conceded, or at least it is certainly true, that unless the abstracted judgment was void, its invalidity could not properly be set up in defense of this action to foreclose the judgment lien based thereon.

If a judgment is absolutely void its invalidity may be set up anywhere, at any time.

But if, when rendered, it is merely erroneous, or voidable, then its invalidity may not afterwards be questioned, except in a direct proceeding brought for that purpose under well-established rules, and then only upon grounds which were not available, to the party asserting its invalidity, at the time of its rendition. These rules are elemental, and they apply to married women in the same degree that they apply to other persons. Speer's Mar.Rts. 3d Ed., §§ 576, 577, 578.

Whatever uncertainty previously existed in this state upon the subject, it now seems to be well settled that a judgment for debt against a married woman, where the court has jurisdiction of her person and the subject matter of the suit, as in this case, is not void merely because it is rendered upon a petition which, although disclosing her coverture, does not allege that the debt upon which she is sought to be charged was one which she was authorized by statute to contract, Vernon's Ann.Civ.St. art. 4623. Such a judgment is erroneous, and therefore voidable, merely. It is not void, and is not subject to collateral attack. This is now the settled law in Texas, regardless of earlier confusion upon the point, which was occasioned by failures to observe the true distinction between "void" and "voidable." Guaranty State Bank of New Braunfels v. Kuehler, Tex.Civ.App., 114 S.W.2d 622, writ refused; Harris v. Ware, Tex.Civ. App., 93 S.W.2d 598, writ refused; Moon v. Weber, Tex.Civ.App., 103 S.W.2d 807, writ refused; Smith v. Pegram, Tex.Civ. App., 80 S.W.2d 354, writ refused; Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993; Watters v. Lanning, Tex.Civ.App., 99 S. W.2d 639.

The judgment is affirmed.