Mildred CHRISTEN et vlr, Appellants,

v.

Hollie Andrell TARRANT, Appellee.

No. 12915.

Court of Civil Appeals of Texas.

Galveston.

March 22, 1956.

Rehearing Denied April 12, 1956.

Berry, Richards & Baker and T. E. Richards, Jr., Houston, for appellants.

Seymour Lieberman and William H. Scott, Sr., Houston, for appellee.

HAMBLEN, Chief Justice.

Appellants, in their brief, state the nature of this case in the following language:

"This suit was brought by Appellants against the former husband of Appellant, Mildred Christen, to have the portion of their divorce judgment relating to a division of the properties of the parties (which portion was a consent decree) declared void on the grounds it violated Rule 11 of the Rules of Civil Procedure of the State of Texas. Further, that the community property of the parties be divided; that appellee be required to pay the 1944, 1945 and 1946 income taxes assessed against Appellant, Mildred Christen, on a deficiency assessment dated March 28, 1951, and that Appellee be required to

make an accounting of the property retained by him and to account to such Appellant therefor and her share be paid over to her, that Appellee's oral property settlement agreement to pay debts and taxes accruing during the marriage be enforced, and for such other relief, special and general, et cetera, to which Appellant may show herself justly entitled.

"The Honorable Trial Court held Appellants' cause of action to be barred by the two and four years Statute of Limitation and denied Appellants any relief whatsoever."

Trial was before the court without a jury.

The facts are substantially as follows. Appellant, Mildred Christen, and appellee, Hollie Andrell Tarrant, were at one time husband and wife. They were divorced on January 10, 1947, by judgment of the District Court of Harris County. The decree of that court, in addition to granting the divorce, recited that the parties, after separation, had effected a settlement of their property rights, with respect to which the court made the following adjudication:

"It is hereby ordered, adjudged and decreed that the settlement agreement between said Defendant and Plaintiff be approved as a fair, just and equitable settlement of all property rights of said parties;

"It is further ordered, adjudged and decreed that the Plaintiff, Mildred Brasher Tarrant, shall take and have the sum of $19,000.00 cash which was in open Court paid to Plaintiff, three United States of America Series E. Bonds, each in sum $1,000.00, each payable to Hollie A. Tarrant or Mrs. Mildred B. Tarrant, and being numbered M5689917E, M7696702E and M7696703E, respectively, which was delivered in open Court, and

"It is further ordered, adjudged and decreed that all other community property of said parties, as well as any property classed as separate property of the Defendant, Hollie Andrell Tarrant, shall belong to the said Defendant, Hollie Andrell Tarrant, as his separate property, and that said Plaintiff, Mildred Brasher Tarrant shall have no interest of any kind or character therein."

After the divorce, appellant, Mildred Christen, was notified by the office of the Collector of Internal Revenue of the Treasury Department that deficiencies existed in the income tax paid by her for the years 1944, 1945 and 1946 in sums totaling $3,906.75. She immediately made demand upon appellee for the payment of such deficiencies, and upon his refusal to pay, instituted this suit on August 9, 1952. The suit was in the nature of a bill of review. The substance of appellants' allegations was to the effect that the property settlement made between Mildred Christen and appellee included an agreement on the part of appellee to pay all debts incurred during the marriage, including income taxes, but that as a result of fraud, accident or mistake, that portion of the agreement had been omitted from the decree of divorce. In the alternative, appellants alleged that in the event it be determined that the settlement did not include an agreement respecting debts, that the same was, therefore, incomplete and the judgment of divorce did not fully adjudicate the property rights of the parties. Appellants also alleged inequities and inequalities in the partition of the community properties of appellant, Mildred Christen, and appellee, which, appellants allege, resulted from fraud and concealment of assets by appellee. The prayer was that the judgment in the divorce suit, in so far as it adjudicated the property rights of the parties, be set aside; that there be a re-determination and division of the property; that appellee account for all property, including income and increase thereof since the divorce; that appellee be required to pay the deficiencies in the income tax assessed against Mildred Christen for the years 1944, 1945, and 1946. Alternatively, appellants prayed that the divorce decree be reformed to require appellee to pay such income tax deficiencies

Appellee's answer, so far as here material, consisted of a general denial, and pleas of the two and four year statutes of limitation, Vernon's Ann.Civ.St. arts. 5526, 5529.

Appellants' points one and two are to the effect that the trial court erred in concluding that appellants' cause or causes of action were barred by the two and four year statutes of limitation. We overrule such points.

■ In so far as appellants' right to the relief sought rests upon their prayer that the judgment entered in the divorce suit be set aside, or reformed, it has been repeatedly held in Texas that a suit wherein is sought equitable relief from a judgment is governed by the provisions of Article 5529, Vernon's Ann.Tex.Civ.St. and shall be brought within four years after the right to bring the same shall have accrued. This statute was pleaded defensively by appellee. It is either stipulated or proven beyond dispute that no appeal was taken from the divorce judgment, that same was entered in open court, signed by counsel for both litigants, and drafted by the attorney for appellant, Mildred Christen. The conclusion is, therefore, inescapable that appellants' cause of action accrued on January 10, 1947, the date of the divorce decree.

■ Appellants seek to escape the bar of limitation upon the proposition that the divorce judgment is void because of failure to comply with the provisions of Rule 11, T.R.C.P., and may, therefore, be attacked at any time. We are completely unable to follow appellants' argument in support of this proposition. Even assuming that the judgment as entered did not follow the agreement of the parties made prior thereto, that fact would not make the judgment any less binding and valid. Such appears to be the clearly expressed holding in the case of Gulf Production Co. v. Palmer, Tex. Civ.App., 230 S.W. 1017 (writ ref.). Furthermore, the requirements of Rule 11, if that rule has any application to this litigation, appear to this Court to expressly bar

the possibility of sustaining the allegation upon which appellants rely. Appellants are, in our opinion, limited to such relief as might be available under an equitable bill of review. That cause of action is barred under appellee's defensive plea of limitation.

What we have said respecting the bar of the statute of limitation has been based upon the assumption that the judgment as entered in the divorce suit did not follow the agreement of the parties made prior thereto, and that appellants could produce evidence of their right to equitable relief therefrom. However, aside from that consideration, the trial court, at appellants' request, made findings of fact, including the following:

"III.

"I find that more than four years have elapsed since the entry of judgment and before this suit was filed, and that no bill of review was filed within two years of the date of the entry of the Judgment.

"IV.

"I find that the plaintiff knew or could have discovered the tax claim by the Treasury Department of of the United States by the use of reasonable diligence and inquiry.

"V.

"I find no fraud, mistake or accident existed between the parties nor in any matter related to the entry of said judgment.

"VI.

"I find that pursuant to said judgment and at the time of entry of same, the parties divided their community estate and each received the portion as set forth in the decree.

"VII.

"I find that there was no provision made as to the payment of community

debts or taxes at the time of the entry of the decree.

## "VIII.

"I find that the claim against Mildred Christen for income taxes by the Treasury Department of the United States Government is made against her part of the community income, earned during her marriage to defendant Hollie Andrell Tarrant.

## "IX.

"I find that the Treasury Department of the United States Government made a similar claim against the defendant, Hollie Andrell Tarrant, for income taxes for his portion of community income earned and that the same has been paid by him."

Appellants made no objection to any of such findings of fact. They did make request for additional findings of fact which conflict with the findings as made, and objected generally to the refusal of the trial court to make such additional findings. Whether that procedure is adequate to preserve for appellate review the support in the record, or the lack thereof, for the findings made by the court, we find unnecessary to decide. Appellants, throughout their brief, have failed to refer this Court to the record wherein in any particular it is claimed that there is no support for a finding made by the trial court, or evidence which compels any requested finding not made by the trial court. See May v. Consolidated Underwriters, Tex.Civ.App., 170 S.W.2d 295; McDaniel v. Thompson, Tex.Civ.App., 195 S.W.2d 202; Novita Oil Co. v. Smith, Tex.Civ.App., 247 S.W.2d 151. While this failure to comply with Rule 418, T.R.C.P., has been repeatedly held to absolve an appellate court of the duty of examining the entire record, we have made such an examination, and find every finding made by the trial court to be amply supported by the evidence.

Therefore, aside from the bar of limitations, the findings of fact made by the trial court completely negative the existence of any equities in appellants' favor upon which might be based the relief which they seek.

In so far as appellants' right might rest on any oral agreement not incorporated in the divorce judgment, such claim, in view of finding of fact No. IV above recited, is clearly barred by the two year statute of limitation, which was pleaded defensively by appellee. We overrule appellants' points three to seven, inclusive, wherein such rights are asserted.

During the trial of this case, which began on December 13, 1954, evidence was adduced, the effect of which was to disclose that appellee had received from the Treasurer of the United States a refund of $3,365.70. This refund was shown to represent the difference between payments made upon estimated income tax and tax ultimately determined to be due upon the interest of appellant, Mildred Christen, in the comunity income of herself and appellee earned during their marriage. At appellants' request, the trial court found that such refunded money was part of the separate property and estate of Mildred Christen. By their eighth point, appellants complain of the denial by the trial court of recovery by appellants of that money. We overrule such point. Our examination of the record discloses that appellants' claim to such money is barred by the two year statute of limitation. Appellants have referred us to no evidence upon which might be based or compelled, a contrary conclusion, and we have found none.

The judgment of the trial court is affirmed.