Ramon W. CALLAWAY, Appellant,

v.

Loreta ELLIOTT et vir, Appellees.

No. 158.

Court of Civil Appeals of Texas.

Tyler.

Oct. 21, 1965.

Rehearing Denied Dec. 2, 1965.

Gus E. Meriwether, J. B. Sallas, Crockett, for appellant.

F. P. Granberry, Adams & Granberry, Crockett, for appellees.

DUNAGAN, Chief Justice.

This is a summary judgment case. Appellee, Loreta Elliott, joined by her husband, Kenneth C. Elliott, filed this suit to enforce the provisions of a judgment of the trial court in its prior cause No. 13,606, in which prior cause appellant Callaway was granted a divorce from appellee, Loreta Elliott, and in which judgment the property of the parties was partitioned. Appellant duly filed his answer and first amended original answer in which he contends that the portion of the property involved in this suit was not the home of the parties, nor any part of the community property of the parties and that the property agreement embodied in the judgment was not the agreement he entered into in that he never agreed to give or to convey to appellee, Loreta Elliott, the property here in controversy.

On May 28, 1962, the trial court entered a judgment in its cause No. 13,606 styled Ramon W. Callaway v. Loreta Callaway and this judgment, in addition to granting a divorce to the plaintiff, Ramon W. Callaway, appellant here, recited that the parties had agreed upon a partition of their community estate, and such judgment then partitioned such community estate. No appeal was taken from this judgment and same became a final judgment.

The judgment in the prior cause No. 13,606 contains the following provisions in regard to the disposition of the property of the parties:

"* * * Plaintiff and Defendant and their attorneys announced in open court that an agreement for settlement of the respective property rights of Plaintiff and Defendant had been agreed upon and the said agreement as follows was submitted to the Court for Approval: These parties agreed that Defendant (Appellee, Loreta Elliott, here) have as her part and share of all of the community property belonging to Plaintiff and Defendant: * * * the home of the Plaintiff and Defendant situated in the City of Crockett in Houston County, Texas, on North 7th Street, described in a Deed of Trust given by Ramon Callaway and Loreta Callaway to J. G. Beasley, Trustee, * * * which is dated the 20th day of December, 1948, and recorded in Book 51 at page 219 of the Deed of Trust Records of Houston County, Texas. * * *"

The judgment in cause No. 13,606 further provided:

"The court being of the opinion that, having due regard to the rights of each party, a division of their community property in the manner above described and agreed upon by the parties will be just, right and equitable; it is, therefore, ORDERED, ADJUDGED and DECREED that the said agreement as above set forth is now here approved by the Court.

"It is further ORDERED, ADJUDGED and DECREED by the Court that * * * the parties hereto, both Plaintiff and Defendant, execute and deliver to the other party any and all deeds, transfers, conveyances and other instruments which may be necessary or proper to vest title of the respective properties awarded to each of said parties by the aforesaid agreement and this judgment, in order that said agreement be complied with in every respect, and that same be done without undue delay; and it is further ORDERED, ADJUDGED and DECREED that any and all appropriate or necessary writs of execution or other legal writs issue for the enforcement of this judgment."

On July 5, 1962, appellee, Loreta Elliott, in compliance with the prior judgment duly conveyed to Callaway certain parcels of land therein awarded to appellant Callaway.

Appellant conveyed to Loreta Elliott by deed dated October 9, 1962, the land the prior judgment awarded to appellee, Loreta Elliott, save and except the North portion of the tract of land in question, which resulted in appellee instituting this suit to compel appellant to convey to appellee, Loreta Elliott, the entire tract as provided for in the judgment or in the alternative that she recover from Ramon Callaway such tract of land and that title be divested out of Ramon Callaway and be vested in Loreta Elliott.

The appellees then filed their motion for summary judgment based on the pleadings in this cause and the former judgment in cause No. 13,606. Appellant duly filed his affidavit in answer to appellees' motion for summary judgment and incorporated his first amended original answer therein by copying same into such affidavit. The court below, after a hearing on such mo-

tion, entered a judgment enforcing the prior judgment in cause No. 13,606, ordering that all the right, title and interest of the appellant Callaway in and to such tract (the tract here involved) be divested out of him, and that all such right, title and interest in the same be vested in said Loreta Elliott and further provided for all necessary writs to enforce the judgment. From this judgment Callaway has appealed.

The appellant's contentions are: (1) the North portion of the tract of land in controversy was not any part of the community property of the parties; (2) nor was it any part of the home of the parties; (3) that appellant never agreed to convey the North portion of the tract in question to the appellee and that each constitutes a fact issue that must be determined.

From a reading of the prior judgment in cause No. 13,606 entered on May 28, 1962, it is obvious that it awarded this entire tract of land to the appellee as her part of the community property pursuant to the property settlement agreement entered into between the parties and announced to the court, identifying the same as the home of the parties located on North 7th Street in the City of Crockett in Houston County, Texas, further identifying the tract of land as being the tract described in the Deed of Trust given by Ramon Callaway and Loreta Callaway to J. G. Beasley, Trustee, giving the date thereof and the volume and page of the Deed Records and County where it was recorded, which instrument describes the entire tract by metes and bounds. At any rate, the judgment definitely awarded the tract of land in controversy to appellee, Loreta Elliott.

If this entire tract were not in fact a part of the community property or home of the parties, or if the appellant did not agree to convey the entire tract to appellee, all as recited in the judgment, then it follows that the judgment would be erroneous.

As above pointed out, this suit is one to compel appellant to comply with the judgment in cause No. 13,606. This is not a suit seeking to set aside, modify or correct the prior judgment and the appellant has not sought any such relief by way of cross action.

Appellant in his supplemental brief says: "Appellant's position is not that the judgment is void or in error, but that such judgment is a valid and binding judgment the scope and effect of which does not entitle the Appellees to the relief for which they are seeking in this action."

However, we think the substance of appellant's contentions is to the effect that the judgment is erroneous in that it recites that the property in controversy was a part of the community estate of the parties, that all of the tract constituted the home, that the agreement of the parties provided for the appellant to convey to the appellee, Loreta Elliott, all of the entire tract rather than merely the South portion of the tract here in controversy.

■ If the judgment of the trial court is void, it is subject to attack in a collateral proceeding; but if the judgment be merely erroneous, that is not sufficient ground to vitiate it. Heard v. State, 146 Tex. 139, 204 S.W.2d 344, 1947; Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810, 1947; Klier v. Richter, 119 S.W.2d 100, (Tex.Civ.App.), 1938, writ refused; Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216.

■ If the trial court did not have jurisdiction, both of the parties and of the subject matter of the litigation, the judgment is void and subject to attack in this collateral proceeding. If, on the other hand, the court had jurisdiction of the parties and the subject matter, the judgment is not void, however erroneous it may be. Heard v. State, supra; Klier v. Richter, supra; Ex. parte Tyler, 152 Tex. 602, 261 S.W.2d 833, 1953; Perry v. Copeland, 323 S.W.2d 339, (Tex.Civ.App.) 1959,

writ dismissed; Bearden v. Texas Co., 60 S.W.2d 1031, (Tex.Com.App.), 1933.

The court in Wright v. Shipman, 279 S.W. 296, (Tex.Civ.App.), writ refused, said:

> "A judgment is not void because it may be shown that there was an erroneous application of the law by the trial judge to the merits of the case. Such judgment is voidable, but, until this is legally determined and the judgment is set aside, it must be given full force and effect, and is immuned to a collateral attack, and its processes and writs must be respected. * * *"

Whether a judgment of a court of record is void or voidable must be determined from an inspection of the record. Gehret v. Hetkes, 36 S.W.2d 700, (Tex. Com.App.) 1931; Ringgold v. Graham, 13 S.W.2d 355, (Tex.Com.App.) 1929.

Even assuming that the judgment as entered did not follow the agreement of the parties made prior thereto, that fact would not make the judgment any less binding and valid. Christen v. Tarrant, 288 S.W.2d 845, (Tex.Civ.App.) 1956, writ dismissed; Gulf Production Co. v. Palmer, 230 S.W. 1017, (Tex.Civ.App.) 1921, writ refused.

The record discloses that the trial court in the divorce case, cause No. 13,606, had jurisdiction of both the parties and subject matter.

In order for the judgment in the divorce case to be subject to collateral attack, it must be absolutely void and not merely voidable. Ex parte Tyler, supra; Perry v. Copeland, supra.

Appellant concedes, and we concur, that the prior judgment is not void. Therefore, applying the law as above pronounced to this case, appellant's alleged defenses to appellees' cause of action constitutes a collateral attack upon the said final judgment.

There is no genuine issue as to any material fact and appellees are entitled to a judgment as a matter of law. The court properly granted the motion for summary judgment.

Judgment affirmed.