**STATE of Texas et al, Appellant,**

**v.**

**J. W. BLAIR, Administrator, Estate of Bobby Joe Hopson, Deceased, Appellee.**

**No. 05–81–00452–CV.**

Court of Appeals of Texas, Dallas.

Jan. 21, 1982.

Rehearing Denied Feb. 19, 1982.

Ben Harrison, Asst. Atty. Gen., Austin, for appellant.

George W. Irwin, Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

The State of Texas appeals an order of the Collin County Court sitting in matters of probate, denying its claim against J. W. Blair, Administrator of the Estate of Bobby Joe Hopson, deceased, for delinquent taxes and penalties. The State's claim was founded on a judgment rendered by the 200th District Court of Travis County, Texas. Two questions are presented: first was the Travis County judgment void and thus subject to collateral attack in the county court; and if not void, was the judgment timely presented to the county court? We hold that the Travis County judgment was not void and was not subject to collateral attack, and that the State's claim was timely presented for payment. Accordingly we reverse and remand.

A chronological review of the events reveals that in 1976, J. W. Blair qualified as Administrator of the Estate of Bobby Joe Hopson, deceased, in the County Court of Collin County, Texas. On June 3, 1977, Blair was informed by the State Attorney General's office that unemployment contributions or taxes owed by the estate were delinquent and penalties had accrued. The letter demanded payment within 15 days. On January 31, 1978, having received no satisfaction from Blair, the State filed suit against Blair in his representative capacity in the 200th District Court of Travis County. Blair was served with citation on February 19, 1978, and answered the suit by general denial. The matter was set for trial and the record reflects that Blair authorized the State to proceed to judgment in his absence. On April 17, 1978, the Travis County District Court rendered judgment for $1,152.28 as delinquent taxes and penalties against Blair in his representative capacity. The judgment was partially on a printed form which contained the words "for which let execution issue." On the same day judgment was rendered, the State mailed a copy of the judgment to Blair, together with a letter demanding payment. Receipt of the letter and judgment by Blair is undisputed. Subsequently, on June 27, 1980, Blair, without causing the judgment to be certified and filed with the county court for inclusion in the claims against the estate, procured a final accounting and order of partition and distribution. Later, on July 21, 1980, the State caused the Travis County judgment to be certified and filed with the Collin County Court. In its order of July 6, 1981, denying the State's claim, the county court made findings of fact and conclusions of law, wherein it held that the Travis County judgment was void and thus was subject to collateral attack.

First we review the question of the validity of the Travis County judgment, and its vulnerability to collateral attack. The State sued Blair in his representative capacity as administrator, for delinquent taxes and penalties due from the estate of Bobby Joe Hopson, deceased. Venue and jurisdiction for such a suit is vested in the District Court of Travis County, under subdivision 30 of article 1995, Tex.Rev.Civ.Stat. Ann. (Vernon 1964), and by authority of Tex.Rev.Civ.Stat.Ann., Tax Code § 111.010 (Vernon 1981). Thus it is readily deter-

minable that when suit was filed, the Travis County District Court acquired jurisdiction of the subject matter. Blair was served with citation and answered the suit by a general denial, thereby conferring personal jurisdiction on the court. A judgment rendered by a court of competent jurisdiction having jurisdiction of both the subject matter and the person is not void, even though it may be erroneous. *Callaway v. Elliott*, 396 S.W.2d 242 (Tex.Civ.App.—Tyler 1965, writ dism'd).

Blair, in reliance on Tex.R.Civ.P. rule 313,[1] argues that the Travis County District Court lacked the power to direct that "execution issue" and for this reason its judgment is void. This argument fails for two reasons. First we agree with Blair to the extent that the inclusion of the direction to let execution issue against an administrator of an estate is erroneous in light of Tex.R.Civ.P. rule 313. *Chandler v. Prichard*, 321 S.W.2d 891 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.). In view of the fact that the Travis County District Court had jurisdiction of the subject matter and the parties, and had the power to adjudicate the extent of liability, if any, the judgment rendered on these matters was independent of the erroneous direction to "let execution issue" and thus was a valid exercise of the court's power. A judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid portion as to fall with it. *Kubena v. Hatch*, 144 Tex. 627, 193 S.W.2d 175 (1946); *Hilatex, Inc. v. State*, 401 S.W.2d 269 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.). Secondly, we hold that the direction to "let execution issue" is surplusage. Execution will issue on any valid judgment when execution is proper, irrespective of its inclusion in the judgment. *Swafford v. Holman*, 446 S.W.2d 75 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

This direction in a judgment is merely a direction to a ministerial officer to permit enforcement of the judgment through the appropriate method. We hold that the Travis County judgment is valid and not subject to collateral attack.

Next, we turn to the question of whether the State's claim was timely filed. Blair contends that the claim was not timely filed because the judgment was not certified to the Collin County Court within 30 days of its rendition, as required by section 313, Tex.Probate Code, and further that under the authority of section 318, Tex.Probate Code, the claim fails because it was filed after the court's approval of the administrator's final account and order of partition and distribution. We disagree. The thirty-day provision of section 313 is merely directory, not mandatory. *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956). Blair, as representative of the estate with full knowledge of the outstanding judgment, was charged with the duty, if he desired to seek a final accounting and partition and distribution of the estate, to cause the Travis County judgment to be properly certified and presented to the county court for inclusion in the distribution of the estate. *Chisholm v. Bewley Mills, supra.*

Reversed and remanded.

---

1. A judgment for the recovery of money against an executor, administrator or guardian, as such, shall state that it is to be paid in the due course of administration. No execution shall issue thereon, but it shall be certified to the county court, sitting in matters of probate, to be there enforced in accordance with law, but judgment against an executor appointed and acting under a will dispensing with the action of the county court in reference to such estate shall be enforced against the property of the testator in the hands of such executor, by execution, as in other cases.