**J.W. BLAIR, Administrator of the Estate of Bobby Joe Hopson, Deceased, Petitioner,**

v.

**The STATE of Texas, Respondent.**

**No. C–1074.**

Supreme Court of Texas.

Oct. 6, 1982.

Rehearing Denied Nov. 24, 1982.

---

8. Our holding is not to be interpreted as abolishing the *Bradshaw* rule in cases in which article 2212a § 2(e) does not apply.

George W. Irwin, Dallas, for petitioner.

Mark White, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, for respondent.

POPE, Justice.

Two questions are presented by this appeal, whether a judgment by the 200th District Court of Travis County that the Hopson estate owed the State of Texas for unpaid taxes was wholly void and subject to collateral attack in the county court and whether the State lost its lien claim by failing to certify the judgment to the Collin County Court in thirty days. The court of appeals reversed the judgment of the county court which denied the State's claim. 629 S.W.2d 148 (Tex.App.). We affirm the judgment of the court of appeals.

B.J. Hopson died in January 1975. After the Collin County Court had named J.D. Terry temporary administrator and later had named him permanent administrator, the county court removed him as administrator because of his failure to file any accounting. The court then named J.W. Blair as the successor administrator. 589 S.W.2d 786 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Terry and Hopson were brothers-in-law and after Hopson's death, Terry as administrator continued to operate Hopson Brothers Plumbing Company, but he did not pay the contributions for unemployment contribution required by Tex.Rev. Civ.Stat.Ann. art. 5221b–12. After demand and refusal to pay, the State sued J.W. Blair, Administrator, who answered but later consented to a judgment. The State obtained a judgment on April 17, 1978, for $1,152.28 plus penalties, and the administrator did not appeal. The State immediately mailed a certified copy of the judgment to and made another demand upon the administrator. The State did not, however, comply with section 313 of the Probate Code by sending a certified copy of the judgment to the county court. Blair, the administrator, filed his final account with the Collin County Court on June 3, 1980, without including the State's judgment as a lien claim. The county court approved the final account on June 27. On July 21, 1980, the State's Attorney mailed a certified copy of the judgment to the Collin County Court with a motion that the claim and lien be allowed as authorized by articles 5221b–12(f)[1] and article 1.07(i).[2]

■■■ Blair, the administrator, insisted in the trial court, as he does here, that the district court's judgment was wholly void because it concluded with the phrase, "for

---

1. "(f) All sums due by any employing unit under this Act shall become a lien upon all the property both real and personal belonging to such employing unit or to any individual so indebted...."

2. "(i) All sums due by any employing unit to the Texas Employment Commission under

the Texas Unemployment Compensation Act shall become a lien on all the property both real and personal belonging to such employing unit or to any individual so indebted. The lien shall attach at the time any contributions, penalties, interest, or other charges become delinquent."

which let execution issue." The phrase, while an erroneous part of the judgment, did not render the judgment void. The scheme for the administration of estates is that claims should be submitted to the probate court for classification and then paid through orders of the probate court. *Tobolowsky v. Eastwood,* 353 S.W.2d 41 (Tex. Civ.App.—Dallas 1961, writ ref'd n.r.e.). The classification of claims is the function of probate courts, not district courts. Art. 322, Probate Code. The phrase in the judgment concerning the issuance of execution was in excess of the district court's power in the suit against an administrator. *Taylor v. Phillips Petroleum Company,* 295 S.W.2d 738 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.); Tex.Prob.Code Ann. § 322 (Vernon Supp. 1982); Tex.R.Civ.Pro. 313.

■ The district court's judgment against the estate for taxes and fixing the statutory lien was within the court's jurisdiction and valid. The valid part of the judgment is not dependent upon and is, therefore, separable from the void phrase which only concerns the manner of enforcement. *Missouri-Kansas-Texas R. Co. v. Pluto,* 138 Tex. 1, 156 S.W.2d 265 (1941); *State Mtg. Corporation v. Ludwig,* 121 Tex. 268, 48 S.W.2d 950 (1932); *Taylor v. Dinsmore,* 114 S.W.2d 269 (Tex.Civ.App.—Dallas 1938, writ ref'd).

Blair, the administrator, contested the State's claim in the county court; contending that the estate was not at any time an employer and that Terry's continued operation of the Hopson Plumbing Company was an unauthorized and illegal activity. The Collin County Court again tried the State's

claim for taxes, and it included findings and conclusions in its order denying the claim.[3]

The Collin County Court's order is a collateral attack on the prior judgment of the 200th District Court of Travis County. It readjudicated matters that had already been tried in the district court. The county court's fifth finding was that Blair, as administrator, had not employed any persons for whom the estate would owe taxes. Its first two conclusions of law were that the district court's judgment is subject to collateral attack and the administrator and the estate were not employers who would be subject to the tax imposed by article 5221b.

■ The prior judgment of the district court settled the fact that the estate was an employer. The estate's liability for the taxes was distinctly tried and determined by the 200th District Court. The parties were the same and that judgment was conclusive that the estate owed the money. It was not subject to relitigation in the subsequent county court suit. *Davis v. First Nat. Bank,* 139 Tex. 36, 161 S.W.2d 467 (1942).

■ The final point urged by Blair, the administrator, is that the State's claim was barred because the State failed to file a certified copy of the judgment with the county court within thirty days after it was rendered. Tex.Prob.Code Ann. § 313 (Vernon Supp.1982). This court addressed that contention in *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943 (1956), in which the judgment claimant failed to certify the judgment to the county court within thirty days after judgment in the trial court or within thirty days after the judgment became final on appeal. The court concluded

---

**3.** Findings of Fact: (1) the Administration is still pending; (2) J.W. Blair is the duly qualified administrator; (3) a prior temporary administrator never did qualify by making bond; (4) the operation of the business in the name of Hopson Brothers Plumbing Company by the prior administrator and the decedent's widow was unauthorized; (5) Blair, the administrator, did not authorize, ratify or affirm the employment of the persons for which the taxes were

claimed, and (6) the State's claim for taxes had been reduced to the judgment against Blair, the administrator.

Conclusions of Law: (1) The prior judgment was subject to collateral attack, because it ordered an execution for the money judgment, (2) Blair, the administrator, and the estate were never "Employers" under article 5521b, and (3) the State is not entitled to recover against Blair, the administrator or the estate.

that the thirty-day requirement was directory and not a limitation statute and was intended to promote the prompt and orderly conduct of the administration of estates.

The court in *Bewley* expressed a number of reasons that an administrator should file a certified copy of a judgment about which he knows even though the creditor has not done so. The court looked at the statutes as a whole concerning administration of estates and found in them and their history no intent that the thirty-day time period would operate as a bar, but that they were intended only to expedite the administration of estates. It found this intent in several related statutes which included time limitations, but had no provision which barred the claim or imposed a penalty.

One of the statutes reviewed was former article 3320. *See* Tex.Prob.Code Ann. app. at 436. That statute imposed the duty on an administrator to disclose in his annual accounts the fact of any outstanding judgment. Section 399 of the present Probate Code even more clearly requires the administrator to show in his annual accounts all claims that have been presented, rejected, sued upon and the condition of the suit. Section 404 is equally explicit in requiring the administrator to include in a final account information about a judgment against the estate.

§ 404. Closing Administration of Estates of Decedents and Guardianship of Wards or Their Estates

Administration of the estates of decedents and guardianship of the persons and estates of wards shall be settled and closed:

(a) Estates of Decedents. When all the debts known to exist against the estate of a deceased person have been paid, or when they have been paid so far as the assets in the hands of an administrator or executor of such estate will permit, and when there is no further need for administration.

Section 405 of the Probate Code requires the verified account for final settlement to show the debts still owing by the estate. It is in this context that this court held in *Bewley* that an administrator has an interest in the classification and prompt payment of a judgment against an estate, and that an administrator seeking to close an estate before a judgment has been filed but who knows of the judgment should himself file a copy of the judgment and request the classification. The administrator in this instance had full knowledge of the debt. The State's claim was filed and he rejected it, he was the named defendant in the State's lawsuit, he filed an answer, consented to the judgment, and received a certified copy of the judgment after its rendition. The administrator's sworn final account, to comply with section 405(a)4, should have included the State's judgment as one of the debts still owed by the estate.

We affirm the judgment of the court of appeals reversing the judgment of the trial court.