Stephen K. WILSON, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 01–83–0232–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 17, 1983.

Rehearing Denied May 17, 1984.

Steven Abramowitz, Houston, for appellant.

Mike Driscoll, Houston, for appellee.

Before WARREN, DOYLE and WARREN, JJ.

OPINION

WARREN, Justice.

This is an appeal from a summary judgment revoking appellant's probation and suspending his driver's license for 12 months.

On July 17, 1979, appellant was adjudged a habitual traffic violator under art. 6687b, sec. 22(b), par. 4, Tex.Rev.Civ.Stat.Ann. (Vernon 1977), and his driver's license was suspended for 12 months, probated for 24 months. One of the conditions of appellant's probation was that he not be convicted of any moving traffic law violation committed during his probationary period. No appeal was taken from this order.

Approximately 14 months later, on September 24, 1980, appellant committed a moving traffic law violation (speeding) in Austin County, pleaded guilty, and was convicted on October 15, 1980. Though the record does not reflect it, the parties agree that appellant's probation was thereafter revoked in Houston Municipal Court upon an affirmative finding that appellant violated a term or condition of his probation, and his license was suspended for 12 months, as determined in the original hearing. Art. 6687b, sec. f, Tex.Rev.Civ.Stat.Ann. (Vernon 1977). Appellant appealed the revocation and suspension order to the County Civil Court at Law No. 4. Appellee filed a motion for summary judgment, which was granted on February 8, 1983, and appellant's driver's license was suspended commencing that date for a period of 12 months.

In his sole point of error, appellant contends that the trial court erred in granting summary judgment and revoking his probation, because the municipal court lacked authority, in its original order of probation, to place appellant on probation for more than 12 months.

Proceedings under Section 22 of Article 6687b for cancellation, suspension, and revocation of [driver's] licenses "... are essentially civil in nature and have the obvious design to protect the public from any [duly licensed] person ... who is found for good reason to constitute a menace or danger to public safety." *Robinson v. Texas Department of Public Safety,* 586 S.W.2d 604 (Tex.Civ.App.—Austin 1979, no writ).

■ By his point of error, appellant is attempting to collaterally attack the order of probation entered on July 17, 1979. In order to be subject to collateral attack, an order must be void and not merely voidable. *Callaway v. Elliott,* 396 S.W.2d 242, 245 (Tex.Civ.App.—Tyler 1965, writ dism'd). The appellant does not assert that the court lacked jurisdiction to enter the order; only that it exceeded its authority in setting the terms and conditions of probation. "A judgment rendered by a court of competent jurisdiction having jurisdiction of both the subject matter and the person is not void, even though it may be erroneous." *State v. Blair,* 629 S.W.2d 148, 150 (Tex.App.—Dallas), *aff'd,* 640 S.W.2d 867 (1982); *Callaway v. Elliott, supra,* at 244. Thus, the order is not void.

■ Under art. 6687b, sec. 22(a), *supra,* the maximum period of suspension of a driver's license is one year. Art. 6687b, sec. 22(e), *supra,* provides that an order suspending a driver's license may be probated "on terms and conditions deemed by the ... judge to be necessary or proper, ... when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby." Such a discretionary determination could have been challenged for abuse of discretion in a direct appeal. It cannot be challenged in this collateral proceeding where the order of probation is not void. *Calla-*

*way v. Elliott, supra* at 245; *Texas Department of Public Safety v. Richardson,* 384 S.W.2d 128 (Tex.1964). Appellant's point of error is overruled, and the judgment is affirmed.